## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SINGLETON-EL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0791 (HHK) |
| | ) |
| ADMINISTRATIVE OFFICE OF UNITED STATES | ) |
| COURTS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Plaintiff brings this action to redress alleged inaccuracies concerning the amounts he owes toward restitution in his two criminal cases. Defendant, the Administrative Office of the United States Courts ("AOUSC"), hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3), (b)(6), to dismiss this action for lack of jurisdiction, improper venue and failure to state a claim upon which relief can be granted. The grounds for the Motion also constitute Defendant's opposition to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction. Alternatively, Defendant asks the Court for an order transferring this case to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1404 and 1406.

*Pro se* Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992). Furthermore, should this Court treat Defendant's Motion to Dismiss as a motion for summary judgment, because of the attached exhibits, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

> Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

In support of this Motion, the Court is referred to the (1) accompanying Memorandum of Points and Authorities, which also serves as an opposition to Plaintiff's request for a temporary restraining order; (2) Statement of Material Facts As to Which There is No Genuine Issue; (3) supporting Exhibits, and (4) proposed Order attached hereto.

<div align="right">

Respectfully submitted,

   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

   s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office, 555 4th Street, NW
Washington, D.C. 20530

</div>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANTHONY SINGLETON-EL,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0791 (HHK) |
| | ) |
| **ADMINISTRATIVE OFFICE OF UNITED STATES** | ) |
| **COURTS,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## FEDERAL DEFENDANTS' STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

The Defendant submits the following statement of material facts as to which there is no genuine issue in accordance with Local Rule 7(h):

1.      Plaintiff is a *pro se* federal prisoner housed in Ashland, Kentucky. Compl., caption.

2.      On November 15, 1999, Plaintiff was convicted in 99 CR 679, in the United States District Court for the Northern District of Illinois, under 18 U.S.C. § 1708, for mail theft. *See* Def. Exh. A.

3.      On March 14, 2000, Plaintiff was ordered to make restitution in the amount of $12,994.69 in 99 CR 679.  *See* Def. Exh. A.

4.      On May 6, 2004, in 03 CR 175 in the United States District Court for the Northern District of Illinois, judgment was entered convicting Plaintiff, under 18 U.S.C. 1708 and 18 U.S.C. 1704, for theft of mail and possession of mail access device.  *See* Def. Exh. B.

5.      On March 25, 2005, Plaintiff was ordered to make restitution in 03 CV 175,  in the amount of $168,044.11.  *See* Def. Exh. B.

6.     On December 7, 2006, Plaintiff filed a tort claim in the amount of

$127,226,000.00, with the AOUSC.   *See* Def. Exh. F.

7.     In a letter dated May 9, 2007, the AOUSC denied Plaintiff's tort claim and

informed Plaintiff of his right to seek judicial review.   *See* Def. Exh. G.

8.     On April 30, 2007, Plaintiff filed the Complaint in this case.

<div style="margin-left: 40%;">

Respectfully  submitted,

Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
shearease.louis@usdoj.gov

</div>

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY SINGLETON-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0791 (HHK) |
| | ) | |
| ADMINISTRATIVE OFFICE OF UNITED STATES COURTS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE OR ALTERNATIVELY, TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS AND OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Defendant, the Administrative Office of the United States Courts ("AOUSC"), by its undersigned attorneys, respectfully opposes Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and hereby moves, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3), and (b)(6), to dismiss the Complaint in this action. Plaintiff, a *pro se* federal prisoner housed in Ashland, Kentucky, is before this Court challenging two orders of restitution. The orders of restitution are for $12,994.69 and $168,044.11 and arise, respectively, from two federal criminal convictions in the Northern District of Illinois, 99 CR 0679 and 03 CR 0175. Plaintiff seeks $4,000,000, in damages and also seeks injunctive relief. Plaintiff has offered no support for his claims that "the debts have been canceled" and cannot satisfy even a single element of the four-part test which must be satisfied before a court may issue a Temporary Restraining Order ("TRO") or Preliminary Injunction ("PI"). Therefore, Defendant opposes the relief requested and moves to dismiss the Complaint.

**BACKGROUND**

Plaintiff filed a civil action complaining of Defendant's "willful refusal to amend the administrative records"concerning the amounts Defendant owes in restitution in two cases in the United States District Court for the Northern District of Illinois, 99-CR-0679 and 03 CR 0175. Complaint at 1.  Plaintiff argues that these debts have been canceled.  Compl. ¶ 12.  The orders of restitution are for $12,994.69 and $168,044.11 and arise, respectively, from two federal criminal convictions in the Northern District of Illinois.  In support of his claims, Plaintiff argues that he is a "Secured Party Creditor, priority lien holder of the artificial person, ens legis [ANTHONY SINGLETON]" Complaint ¶ 1.  Defendant hereby requests that the Court take judicial notice that Plaintiff has made similar allegations in his cases in the past, leading one judge to order a mental competency evaluation.  *See* Exhibit C, 03 CR 175, *Memorandum Opinion* (referring to Plaintiff's "bizarre *pro se* filings"); Exhibit D, *Transcript of Proceedings* (partial).  *See also* Exhibit E, 04 CV 0291 (Dismissal of Plaintiff's Complaint for failure to state a claim under 1915(e)(2)(B); Exhibit H, 04 CV 5114(docket report indicating no certificate of appealability should issue).  Because Plaintiff has offered no credible support for his allegations, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1]    On December 7, 2006, Plaintiff filed an administrative tort claim, dated November 1, 2006, against the AOUSC in the amount of $127,226,000.  The exhibits to the tort claim contained the same "bizarre" exhibits and allegations Plaintiff alleges in his Complaint, and was denied on May 9, 2007.

## STANDARD OF REVIEW

### A.    Preliminary Injunction

The standards for preliminary injunctive relief, in the form of either a preliminary

injunction or a temporary restraining order, are well established:

> [T]he moving party must show (1) a substantial likelihood of success on the merits, (2)
> that it would suffer irreparable injury if the injunction were not granted, (3) that an
> injunction would not substantially injure other interested parties, and (4) that the public
> interest would be furthered by the injunction. *e .g., Mova Pharm. Corp.*, 140 F.3d 1060,
> 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58
> F.3d 738, 746 (D.C. Cir. 1995)) (internal quotation marks omitted).  A district court must
> "balance the strengths of the requesting party's arguments in each of the four required
> areas." *CityFed*, 58 F.3d at 747.  If the showing in one area is particularly strong, an
> injunction may issue even if the showings in other areas are rather weak.  *Id.*

*See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006); *see*

*also Sea Containers, Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C.Cir. 1989); *Wisconsin Gas Co.*

*v. F.E.R.C.*, 758 F.2d 669, 673-74 (D.C. Cir. 1985); *Washington Metropolitan Area*

*Transportation Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843-44 (D.C. Cir. 1977);

*Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

This is an exacting standard that the Plaintiff has not met.

### B.    Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff

bears the burden of establishing that the court has subject matter jurisdiction. *District of*

*Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  In considering a

motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material

factual allegations in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986),

vacated on other grounds, 482 U.S. 64 (1987).  A court may also consider materials outside the

pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case.

*Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

### C.    Improper Venue

Under the FTCA, venue for tort claims is governed by 28 U.S.C. § 1402(b), which provides only two bases for venue: (1) "where the plaintiff resides," or (2) "wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).[2]

### D.    Failure to State a Claim

Under Rule 12(b)(6), the Court is to treat the complaint's factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." *Akintomide v. United States*, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996) and *Kowal v. MCI Communication Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

---

[2] Under 28 U.S.C. § 1346(b):

> Subject to the provisions of chapter 171 of [title 28] the district courts, together with the United States District Court for the District of the Canal Zone and the District of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of personal property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government..."

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions . . . . [f]actual allegations must be
> enough to raise a right to relief above the speculative level on the assumption that
> all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court

may consider additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D.

Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the

complaint to matters of public record including court files, records and letters of official actions

or decisions of government agencies and administrative bodies, documents referenced and

incorporated in the complaint and documents referenced in the complaint or essential to a

plaintiff's claim which are attached to a defendant's motion.").

### E.    The Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if there is

"no genuine issue as to any material fact and if the moving party is entitled to judgment as a

matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v.

Catrett*, 477 U.S. 317, 330 (1986). In deciding on a summary judgment motion, the fact-finder

must draw inferences from the record in the light most favorable to the non-moving party.

*Anderson,* 477 U.S. at 255; *Celotex Corp.*, 477 U.S. at 330.

There is no genuine issue of material fact if the relevant evidence, taken as a whole,

indicates that a reasonable fact-finder could not return a verdict for the non-moving party.

*Anderson,* 477 U.S. at 248; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587

(1986). Mere allegations or denials in the non-moving parties' pleadings are insufficient to

defeat an otherwise proper motion for summary judgment. *Matsushita*, 475 U.S. at 586. Where

the evidence is merely colorable or is not significantly probative, summary judgment may be

granted. *Anderson*, 477 U.S. at 249-50; *see also Aka v. Washington Hospital Center*, 156 F.3d 1284, 1294 (D.C. Cir. 1998). Where the factual context renders his position implausible, the party opposing summary judgment must come forward with strong persuasive evidence to defeat it. *Matsushita*, 475 U.S. at 587.

## ARGUMENT

**I.    Plaintiff has Failed to Establish a Substantial Likelihood of Prevailing on the Merits.**

**A.    Plaintiff Cannot Satisfy Even One Element of the Four-part Test Which Must Be Satisfied Before a Court May Issue a Temporary Restraining Order or Preliminary Injunction.**

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *see also Yakus v. United States*, 321 U.S. 414 (1944); *Emily's List v. Federal Election Comm'n*, 362 F.Supp.2d 43, 51 (D.D.C. 2005), 362 F.Supp.2d at 51; *National Head Start Ass'n v. Department of Health and Human Services*, 297 F.Supp.2d 242, 246 (D.D.C. 2004); *Varicon Int'l v. Office of Personnel Management*, 934 F.Supp. 440 (D.D.C. 1996); *Kahane v. Secretary of State*, 700 F.Supp. 1162, 1165 (D.D.C. 1988). Similarly, a "TRO is an extraordinary remedy and should not be granted lightly." *See Federation Internationale De Football Ass'n v. Nike, Inc.,* 285 F.Supp.2d 64, 68 (D.D.C. 2003); *Experience Works, Inc. v. Chao,* 267 F.Supp.2d 93, 96 (D.D.C. 2003); *F.T.C. v. Exxon Corp.*, 636 F.2d 1336, 1343 (D.C. Cir.1980).

The Court should balance the strengths of the requesting party's arguments in each of these required areas. *CityFed Fin. Corp.*, 58 F.3d at 747. It is particularly important, however, for the movant to demonstrate a substantial likelihood of success on the merits. *See Emily's*

*List*, 362 F.Supp.2d at 51 (citing *Barton v. Dist. of Columbia*, 131 F.Supp.2d 236, 242 (D.D.C.

2001) and *Benton v. Kessler*, 505 U.S. 1084, 1085 (1992)).  If the movant is unable to do so, the

movant must then present a "<u>very strong</u> showing" with respect to the other preliminary

injunction factors.  *See  Emily's List*, 362 F.Supp.2d at 51-52 (quoting *Davenport v. Int'l Bhd. of

Teamsters*, 166 F.3d 356, 366 (D.C. Cir. 1999)) (emphasis added).

        This Circuit has set a high standard for irreparable injury.  First, the injury "'must be both

certain and great; it must be actual and not theoretical.'*"  See Chaplaincy of Full Gospel

Churches*, 454 F.3d at 297 (citing *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674

(D.C.Cir.1985) (per curiam)).  The moving party must show "'[t]he injury complained of is of

such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable

harm.'"  *Id*.  Second, the injury must be beyond remediation.  *See Chaplaincy*, 454 F.3d at 297.

As the D.C. Circuit has explained:

>         The key word in this consideration is <u>irreparable</u>.  Mere injuries, however substantial, in
>         terms of money, time and energy necessarily expended in the absence of a stay are not
>         enough. The possibility that adequate compensatory or other corrective relief will be
>         available at a later date, in the ordinary course of litigation weighs heavily against a claim
>         of irreparable harm.

*See Chaplaincy*, 454 F.3d at 297-98 (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674

(D.C.Cir.1985) and *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C.Cir.1958))

(internal quotation marks omitted); *see also Sampson v. Murray*, 415 U.S. 61, 88-90 (1974).

        An "injury held insufficient to justify a stay in one case may well be sufficient to justify it

in another, where the applicant has demonstrated a higher probability of success on the merits."

*Virginia Petroleum Jobbers Ass'n*, 259 F.2d at 925.  "An injunction may be justified for example,

where there is a particularly strong likelihood of success on the merits even if there is a relatively

slight showing of irreparable injury."  *CityFed Fin. Corp.*, 58 F.3d at 747.  An essential

prerequisite to injunctive relief is a sufficient showing by the plaintiff that she will suffer irreparable harm if the injunctive relief is not granted. *See, e.g., Davenport*, 166 F.3d at 360.

Here, Plaintiff has failed to show a substantial likelihood of success on the merits, as he has raised similar "legal" arguments and has lost in the past. *See* Def. Exh. C. Additionally, Plaintiff has failed to show that he would suffer irreparable injury if the injunction were not granted. Further, an injunction would substantially injure other interested parties, such as the AOUSC, which in any event has no authority over Plaintiff's prison money or accounts.

Finally, the precipitous action requested by Plaintiff is not in the public interest because Plaintiff's suit appears to be frivolous and without merit. Even if his allegations were true, however, the nature and severity of the alleged violation does not rise to the level of a constitutional violation or one that seriously threatens the life, health, or safety of Plaintiff. In sum, all four factors weigh heavily against the requested TRO and PI, and the Court should deny Plaintiff's Motions for both forms of extraordinary relief.

**B.     The Complaint Should be Dismissed for Failure to State a Claim**

A complaint may also be dismissed under Rule 12(b)(6) of the Federal Rules for failure to provide a cognizable legal claim. *Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998). Though *pro se* complaints, like the one here, are held to a less exacting scrutiny than pleadings drafted by attorneys, *pro se* plaintiffs nevertheless, like any other, must present a claim upon which relief can be granted by the court. *Id.* Indeed, when the district court views a plaintiff's complaint as legally frivolous, the proper course is to grant defendant's Rule 12(b)(6) motion, or indeed, to dismiss the complaint sua sponte. *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).

Plaintiff here asserts absolutely no jurisdictional or factual basis to support a claim for the relief requested. He does not allege any specific wrongdoing on the part of Defendant warranting

further legal review of his claims.  He makes vague allegations of a secured interest and liens, but does not attach such allegations to any wrongful actions taken by Defendant.  In short, Plaintiff does not present a legally cognizable complaint.  Accordingly, dismissal of this matter is appropriate.  Moreover, Plaintiff's claims should be dismissed as frivolous because Plaintiff has made similar "legal" arguments in the past.  The only certain fact that can be gleaned from Plaintiff's Complaint is that he is seeking $4 million as relief from Defendant.  Otherwise, Plaintiff's complaint consists of vague and rambling claims.  Courts have defined frivolous claims to be those premised on clearly baseless factual allegations that describe "fantastical" and "delusional" scenarios, rising to the level of the irrational or the wholly incredible.  *Hilska v. Jones, et. al*, 297 F. Supp.2d 82, 87 (D.D.C. 2003)(citing *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994))("In its discretion . . . a court may dismiss a patently frivolous claim for lack of subject-matter jurisdiction . . . .").  *See Neitzke v.Williams*, 490 U.S. 319, 328 (1989).  Plaintiff's allegations are exactly the kind of "bizarre" filings that are clearly fanciful.  *Best*, 39 F.3d at 330. *See* Def. Exh. C.

  **C.**  **This Court Lacks Jurisdiction over this Action.**

  A complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted.  *District of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1078 (D.C. Cir. 1984).  Accordingly, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a patently insubstantial complaint may be dismissed for want of subject-matter jurisdiction.  *See, Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also, Best v. Kelly*, 39 F.3d 328, 331 n.5 (D.C. Cir. 1994)(Complaints may be dismissed under Rule 12(b)(1) for complaints resting on truly fanciful factual allegations.); *Carone- Ferdinand v. Central Intelligence Agency*, 131 F.Supp.2d 232, 234 (D.D.C. 2001).  Because Plaintiff's

Complaint fails to set forth any credible legal theory upon which his claim against the AOUSC

rests, Plaintiff's Complaint should be dismissed.

> **D.____Plaintiff's Constitutional Claims Are Barred By Sovereign Immunity.**

Sovereign immunity bars all suits against the United States except for those suits

permitted by the explicit terms of a statutory waiver of that immunity.  *See Lane v. Pena*, 518

U.S. 187, 192 (1996).  Therefore, to the extent that Plaintiff is alleging a constitutional tort claim

against the United States, his Complaint must be dismissed; *Cox v. Secretary of Labor*, 739 F.

Supp. 28, 30 (D.D.C. 1990); *see also, United States v. Testan*, 424 U.S. 392, 399 (1976); *United*

*States v. Mitchell*, 445 U.S. 535, 538 (1980); *Kline v. Republic of El Salvador*, 603 F. Supp.

1313, 1316 (D.D.C. 1985).  The Constitution does not waive sovereign immunity in a suit for

damages.  *See Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Jaffee v. United States*,

592 F.2d 712, 715-18 (3d Cir.), *cert. denied*, 441 U.S. 961 (1979). Accordingly, because the

United States has not waived sovereign immunity, Plaintiff's claims founded on the Constitution

should be dismissed.

> **E.    Venue is Improper in the District of Columbia.**

According to the Complaint, Plaintiff resides in Kentucky, and the loss of property about

which Plaintiff complains concerns the two orders of restitution, which were entered in the

Northern District of Illinois.  Plaintiff's claims appear more likely to involve the handling of his

accounts at his prison, not in D.C.  Therefore, there is no basis for venue in the District of

Columbia under the applicable venue provision.[3]   *See Bryant v. Carlson*, 652 F. Supp. 1286,

---

[3] Nor could plaintiff rely on the general venue provision applicable to cases brought against the government.  That statute provides in relevant part:

1287 (D.D.C. 1987); *Bartel v. Federal Aviation Admin.*, 617 F. Supp. 190, 198-99 (D.D.C. 1985); *Mylan Laboratories, Inc. v. Akzo, N.V.,* 1990 WL 58466, *11 (D.D.C. 1990). Consequently, Plaintiff's FTCA claim should be dismissed under Rule 12(b)(3) for improper venue.

Furthermore, the federal venue provisions require dismissal of cases brought in the wrong district or division, unless it is "in the interest of justice [to] transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *accord* 28 U.S.C. § 1404(a) ("[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *cf.* 28 U.S.C. § 1391 (transfer to cure want of jurisdiction).  Thus, if this case had sufficient merit that the "interest of justice" weighed against dismissal, the Court should transfer it to the Northern District of Illinois.  *See Starnes v. McGuire*, 512 F.2d 918 (D.C. Cir. 1974) (*en banc*) (setting forth standards on where to transfer prisoner cases).  Here, however, the repetitive nature of Plaintiff's claims relative to his earlier claims that were raised in Illinois, and Plaintiff's failure to support his claims with any colorable evidence of wrongdoing here in D.C., strongly suggest that it serves no interest in justice to transfer the case.  *See Simpkins v. District of Columbia Government*, 108 F.3d 366, 370 (D.C. Cir. 1997) (favoring dismissal over transfer of meritless

---

(e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

11

cases brought in improper venue).  Instead, outright dismissal is the preferred disposition here, in order to further judicial economy, avoid the risk of inconsistent results with any suits involving the Plaintiff in Illinois, and cut off Plaintiff's abusive repetition of his claims.

Finally, it bears noting that the Court is permitted to address the venue issue prior to addressing any other issues, including personal jurisdiction and subject matter jurisdiction, and thus it may dismiss or transfer the case without deciding any other issue other than venue.  *See Sinochem Internat'l Co., Ltd. v. Malaysia Internat'l Shipping Corp.*, --- U.S. ---, 2007 WL 632763, *7-8 (Mar. 5, 2007) (finding that *forum non conveniens* doctrine has been codified into Sections 1404 and 1406 and explaining that "there is no mandatory 'sequencing of jurisdictional issues'" that must be addressed or decided prior to venue).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's action, and deny Plaintiff's Motions for a Temporary Restraining Order and for a Preliminary Injunction because Plaintiff fails to meet the stringent standards for obtaining such relief.  Alternatively, Defendant requests that this case be transferred to the Northern District of Illinois.

Respectfully  submitted,

      Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

      Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

      s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ANTHONY SINGLETON-EL,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0791 (HHK) |
| | ) |
| **ADMINISTRATIVE OFFICE OF UNITED STATES** | ) |
| **COURTS,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Motion to Dismiss was made by depositing a

copy of it in the U.S. Mail, first class postage prepaid, addressed to:

ANTHONY SINGLETON-EL
#94408-024
F.C.I. - Ashland
P.O.Box 6001
Ashland, KY 41105
*pro se*

on this 11th day of June, 2007.

　　　　　　　　　　　　　　　　　　　　　/s Sherease Louis
　　　　　　　　　　　　　　　　　　　　　　SHEREASE LOUIS
　　　　　　　　　　　　　　　　　　　　　Special Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　　United States Attorney's Office
　　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W.,
　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530

AO 245B (3/95) Sheet 1 – Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

MAR 21 2000

NORTHERN District of ILLINOIS – EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ANTHONY SINGLETON

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: 99 Cr 679

Daniel I. Hessler
Defendant's Attorney

DOCKETED
MAR 21 2000

**THE DEFENDANT:**

[X] pleaded guilty to count(s) 1 of the indictment

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 1708 | Mail Theft | Sept. 8 1999 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 2/15/52

Defendant's USM No.: 944-08-024

Defendant's Residence Address:

18901 South Loras Lane

Country Club Hills, Il. 60478

Defendant's Mailing Address:

March 14, 2000
Date of Imposition of Judgment

Signature of Judicial Officer

JUDGE ROBERT W. GETTLEMAN
Name and Title of Judicial Officer

March 14, 2000
Date

Exhibit A

AO 245B (3/95) Sheet 2 - Imprisonment

DEFENDANT: ANTHONY SINGLETON
CASE NUMBER: 99 Cr 679

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  TWENTY-ONE (21) MONTHS

[X] The court makes the following recommendations to the Bureau of Prisons: that defendant receive drug abuse treatment while incarcerated and that the Bureau of Prisons name the federal correctional center at Ft. Dix, New Jersey, as the designated institution.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ a.m./p.m. on _____

   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2 p.m. on _____

   [ ] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (3/95)  Sheet 3 – Supervised Release

| | | Judgment – Page | 3 | of | 6 |

DEFENDANT:  ANTHONY SINGLETON
CASE NUMBER:  99 Cr 679

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS.**

### Defendant shall participate in a drug aftercare program at the direction of the probation office.

### Defendant shall make restitution in the amount of $12,994.69.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (3/95) Sheet 5, Part A – Criminal Monetary Penalties

Judgment – Page __4__ of __6__

DEFENDANT: ANTHONY SINGLETON
CASE NUMBER: 99 Cr 679 -1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ none | $ 12,994.69 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title for offenses committed on or after 09/13/1994, until _____. An Amended Judgment in a Criminal Cas will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unle specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Orde or Percentage c Payment |
|---|---|---|---|
| Discover Financial Services Inc. c/o Michael Moore, 2401 W. Beardsley Rd. Phoen AZ 85027 $1488.27; American Express fraud dept. 222 Kearny St. #406, San Franci CA 84108 $6276.52; Cardholder Services Security Dept c/o Cindy Combs PO Box 311 Tampa Fl 33631 $3531.76; First Card Serwices fraud Dept 2500 Westfield Dr Elgin 60123 $1630.14; Wachovia Bank c/o Homer Thomasson, 4 Piedmont Center 3565 Piedm Rd. Atlanta, GA 30305 $68.00; | | | |
| Totals: | $ _____ | $ 12,994.69 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offens committed on or after September 13, 1994.

AO 245B (3/95)  Sheet 5, Part B    Criminal Monetary Penalties

Judgment - Page **5** of **6**

DEFENDANT: ANTHONY SINGLETON
CASE NUMBER: 99 Cr 679

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  In full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____ ; or

D  ☐  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (3/95)  Sheet 6 – Statement of Reasons

DEFENDANT: ANTHONY SINGLETON
CASE NUMBER: 99 Cr 679

Judgment – Page __6__ of __6__

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

### OR

☐ The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

## Guideline Range Determined by the Court :

Total Offense Level: __9__

Criminal History Category: __V__

Imprisonment Range: __18__ to __24__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $ __1,000__ to $ __10,000__

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution $ __12,994.69__

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

### OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

NOLAN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:99-cr-00679 All Defendants

Case title: USA v. Singleton

Date Filed: 09/09/1999
Date Terminated: 03/14/2000

Assigned to: Hon. Robert W. Gettleman

### Defendant

**Anthony Singleton** (1)
*TERMINATED: 03/14/2000*

represented by **Daniel J. Hesler**
Federal Defender Program
55 East Monroe Street
Suite 2800
Chicago, IL 60603
(312) 621-8300
Email: daniel_hesler@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts

18:1708.F THEFT OR RECEIPT OF
STOLEN MAIL MATTER
(1)

### Disposition

The defendant is hereby committed to
the custody of the United States Bureau
of Prisons to be imprisoned for a total
term of twenty-one (21) months. The
defendant is remanded to the custody of
the custody of the United States
Marshal. Upon release fr om
imprisonment the defendant shall be on
supervised release for a term of three
(3) years. The defendant shall make
restitution in the amount of $12,994.69.
Schedule of payments. Statement of
reasons.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

Exhibit A

**Highest Offense Level (Terminated)**

None

**Complaints**                                                        **Disposition**

None

---

**Plaintiff**

**United States of America**          represented by   **John Raymond Lausch, Jr.**
                                                       United States Attorney's Office (NDIL)
                                                       219 South Dearborn Street
                                                       Suite 500
                                                       Chicago, IL 60604
                                                       (312) 353-5300
                                                       Email: john.lausch@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Pretrial Services**

                                                       435-5545
                                                       Email:
                                                       ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov

                                                       *ATTORNEY TO BE NOTICED*

                                                       **Probation Department**

                                                       408-5197
                                                       Email: Intake_Docket_ILNP@ilnp.uscourts.gov
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/08/1999 | | DEFENDANT Anthony Singleton arrested (pmp) (Entered: 09/13/1999) |
| 09/09/1999 | 1 | COMPLAINT Hon. Nan R. Nolan (pmp) (Entered: 09/13/1999) |
| 09/09/1999 | 2 | MINUTE ORDER of 9/9/99 by Hon. Nan R. Nolan as to Anthony Singleton : Initial appearance proceedings of Anthony Singleton held. Defendant appears in response to arrest on 09/08/99. Defendant informed of his rights. Enter order appointing Daniel J. Hesler as counsel for defendant Anthony Singleton pending receipt of financial affidavit. Defendant to remain in custody pending detention hearing and preliminary examination set for 09/14/99 at 11:30 a.m. Mailed notice (pmp) (Entered: 09/13/1999) |
| 09/09/1999 | 3 | APPEARANCE of Attorney for Anthony Singleton by Daniel j Hesler |

| | | (pmp) (Entered: 09/13/1999) |
|---|---|---|
| 09/14/1999 | 4 | MINUTE ORDER of 9/14/99 by Hon. Nan R. Nolan as to Anthony Singleton : Case called for preliminary examination and detention hearing held. Defendant waives his right to preliminary examination. Enter a finding of probable cause; order bound to the U.S. District Court for further proceedings. Defendant does not contest detention at this time. Order defendant detained pending trial or until further order of court. Mailed notice (pmp) (Entered: 09/17/1999) |
| 10/06/1999 | 5 | EMERGENCY application by USA to exclude time under 18 USC 3161 (h)(8)(A) as to defendant Anthony Singleton "RESTRICTED" (pmp) (Entered: 10/07/1999) |
| 11/04/1999 | 6 | INDICTMENT Counts filed against Anthony Singleton (1) count(s) 1 (pmp) (Entered: 11/05/1999) |
| 11/04/1999 | 7 | DESIGNATION SHEET Felony Category IV (pmp) (Entered: 11/05/1999) |
| 11/04/1999 | 8 | MINUTE ORDER of 11/4/99 by Hon. W. Thomas Rosemond Jr. as to Anthony Singleton : No bond set; detained by magistrate is granted. Enter Order. No notice (pmp) (Entered: 11/05/1999) |
| 11/05/1999 | 9 | ARRAIGNMENT NOTICE: Before Hon. Robert W. Gettleman as to Anthony Singleton : Arraignment and plea set for 11/09/99 at 1:30 p.m. No notice (pmp) (Entered: 11/05/1999) |
| 11/09/1999 | 10 | MINUTE ORDER of 11/9/99 by Hon. Robert W. Gettleman as to Anthony Singleton : Arraignment held. Defendant enters plea of not guilty. Status hearing set for 11/15/99 at 9:00 a.m. No notice (pmp) (Entered: 11/09/1999) |
| 11/15/1999 | 11 | MINUTE ORDER of 11/15/99 by Hon. Robert W. Gettleman as to defendant Anthony Singleton withdraws plea of not guilty to count 1 of the indictment and enters plea of guilty to said count. Defendant advised of his rights. Enter finding of guilty and judgment thereon. Cause referred to the probation department for presentence investigation and report. The probation officer is to give copies of any documents used to to compute criminal history and offense level to counsel for all parties, on request. Sentencing is set for 3/2/00 at 1:30 p.m. Mailed notice (kmt) (Entered: 11/18/1999) |
| 01/31/2000 | 12 | MOTION by Anthony Singleton for bond hearing ; Notices (pmp) (Entered: 02/07/2000) |
| 02/03/2000 | 13 | MINUTE ORDER of 2/3/00 by Hon. Robert W. Gettleman as to Anthony Singleton : Defendant's motion for bond hearing is denied [12-1] No notice (pmp) (Entered: 02/07/2000) |
| 02/29/2000 | 14 | SENTENCING memorandum regarding Anthony Singleton; Notice (pmp) (Entered: 03/01/2000) |
| 03/01/2000 | 15 | SENTENCING memorandum regarding Anthony Singleton with motion |

| | | for upward departure; Notice (pmp) (Entered: 03/06/2000) |
|---|---|---|
| 03/01/2000 | 15 | MOTION by USA for upward departure from guidelines as to defendant Anthony Singleton with sentencing memdorandum; Notice (pmp) (Entered: 03/06/2000) |
| 03/03/2000 | 16 | MINUTE ORDER of 3/3/00 by Hon. Robert W. Gettleman as to Anthony Singleton : Sentencing is reset to 03/13/00 at 10:30 a.m. Mailed notice (pmp) (Entered: 03/06/2000) |
| 03/06/2000 | 17 | MINUTE ORDER of 3/6/00 by Hon. Robert W. Gettleman as to Anthony Singleton : Sentencing is reset to 03/14/00 at 2:30 p.m. Mailed notice (pmp) (Entered: 03/07/2000) |
| 03/14/2000 | 18 | SENTENCING ORDER of 3/14/00 by Hon. Robert W. Gettleman : Sentencing Anthony Singleton (1) count(s) 1. The is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twenty-one (21) months. The defendant is remanded to the custody of the custody of the United States Marshal. Upon release from imprisonment the defendant shall be on supervised release for a term of three (3) years. The defendant shall make restitution in the amount of $12,994.69. Schedule of payments. Statement of reasons. case terminated Mailed notice (pmp) (Entered: 03/21/2000) |
| 03/21/2000 | | JUDGMENT and Commitment issued to U.S. Marshal as to Anthony Singleton (pmp) (Entered: 03/21/2000) |
| 10/12/2001 | 19 | MINUTE ORDER of 10/12/01 by Hon. Robert W. Gettleman as to Anthony Singleton : Status hearing set for 11/01/01 at 9:15 a.m. Mailed notice (pmp) Modified on 10/15/2001 (Entered: 10/15/2001) |
| 11/01/2001 | 20 | MINUTE ORDER of 11/1/01 by Hon. Robert W. Gettleman as to Anthony Singleton : Status hearing held. Order bench warrant as to Anthony Singleton for failure to appear for hearing today. Mailed notice (pmp) (Entered: 11/02/2001) |
| 11/02/2001 | | BENCH Warrant issued for Anthony Singleton (pmp) (Entered: 11/02/2001) |
| 03/21/2002 | | DEFENDANT Anthony Singleton arrested (pmp) (Entered: 03/26/2002) |
| 03/26/2002 | 21 | ARREST Warrant returned executed as to Anthony Singleton 3/21/02 (pmp) (Entered: 03/26/2002) |
| 03/27/2002 | 22 | MINUTE ORDER of 3/27/02 by Hon. Robert W. Gettleman as to Anthony Singleton : Status hearing held. Defendant's supervised release period is terminated. Mailed notice (pmp) (Entered: 04/03/2002) |
| 03/27/2002 | 23 | REVOCATION of probation of supervised release order of 3/27/02 by Hon. Robert W. Gettleman : Defendant Anthony Singleton is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twelve (12) months. Mailed notice (pmp) (Entered: 04/04/2002) |
| | | |

| 04/04/2002 | | REVOCATION of probatin or supervised release issued to U.S. Marshal as to Anthony Singleton (pmp) (Entered: 04/04/2002) |
| 11/06/2002 | 24 | JUDGMENT and Commitment returned executed 7/2/02 , Anthony Singleton (1) count(s) 1 (pmp) (Entered: 11/06/2002) |
| 05/21/2004 | 25 | TRANSCRIPT of proceeding as to Anthony Singleton held before Hon. Robert W. Gettleman on 3/27/02. (emd) (Entered: 05/24/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/06/2007 14:31:10 | | |
| **PACER Login:** | du6017 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:99-cr-00679 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

(Rev. 03/05)

# United States District Court
## Northern District of Illinois

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 03-CR-175-1** |
| | ) | **Judge: David H. Coar** |
| **ANTHONY SINGLETON,** | ) | |
| **aka ANTHONY HALL** | | |

PRO SE, Defendant's Attorney
RICK D. YOUNG, AUSA

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

**THERE WAS A:**

jury verdict of guilty as to count(s) 1, 2 & 3 of the Indictment.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC Section 1708 | Theft of Mail | 12/ 23/ 2003 | 1 |
| 18 USC Section 1704 | Possession of Mail Access Device | 12/ 23/ 2003 | 2 & 3 |

The defendant is sentenced as provided in the following pages of this judgment.



Exhibit B

ANTHONY SINGLETON
03 cr 175-1

## IMPRISONMENT

### IT IS THE JUDGMENT OF THIS COURT THAT:

the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **115 MONTHS**

**As to Count 1, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of 60 months. As to Count 2 & 3, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of 115 months. Term of imprisonment on counts 1, 2, and 3 to run concurrently to each other.**

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction.

The defendant is sentenced on all count(s) of conviction, namely, Count(s) 1, 2, & 3 to a period of **3 years of Supervised Release, said periods to run concurrent**.

The defendant shall report immediately to the probation office in the district in which the defendant is to be supervised, but no later than seventy-two hours after sentencing. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of probation that apply in this case.

**ANTHONY SINGLETON**
03 cr 175-1

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
### (As set forth in 18 U.S.C. § 3583 and U.S.S.G. § 5D1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court:

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3583(d);

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3583(d);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004; and

7) The defendant shall pay any balance on the special assessment, restitution and/or fine imposed against the defendant.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

Pursuant to 18 U.S.C. § 3583(d) as a condition of supervised release, the defendant shall reimburse the following identified victims(s) in the amounts specified:

| Victim | Amount Ordered |
|---|---|
| SEE ATTACHED LIST | $168,044.11 |

The defendant shall participate in a drug aftercare treatment program , which may include urine testing at the direction of the Probation Officer.

**ANTHONY SINGLETON**
03 cr 175-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| Total Assessment(s) | Total Fine | Restitution | Mandatory Costs of Prosecution |
|---|---|---|---|
| $300.00 | Fine Waived | $168,044.11 | $ |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

Restitution is ordered in the amount of $168,044.11

The interest requirement on restitution is waived.

# SCHEDULE OF PAYMENTS

- Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs. If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.

- All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be by money order or certified check payable to the Clerk of the Court, U.S. District Court, unless otherwise directed by the Court.

- Unless waived, the defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the same is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). Payment options included herein may be subject to penalties of default and delinquency pursuant to 18 U.S.C. § 3612(g).

- Pursuant to 18 U.S.C. §§ 3613(b) and ©) and 3664(m), restitution and/or fine obligations extend for twenty years after release from imprisonment, or from the date of entry of judgment if not sentenced to a period of imprisonment.

Payment of the total criminal monetary penalties shall be due as follows:

In full:

Due immediately.

Pursuant to 18 U.S.C. § 3664(k) the defendant must notify the court of any material changes in the defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Pursuant to 18 U.S.C. § 3664(n), if a person is obligated to provide restitution, or pay a fine, received substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

**ANTHONY SINGLETON**
03 cr 175-1

The defendant   remanded  to the custody of the United States Marshal.

ANTHONY SINGLETON
03 cr 175-1

## RETURN OF SERVICE

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____.

By:_____
(Signature)

Name (Print)_____

Title (Print)_____

**ANTHONY SINGLETON**
03 cr 175-1

Date of Imposition of Judgment/Sentencing: February 16, 2005

_____

DAVID H. COAR
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 25th day of March, 2005

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CRIMINAL DOCKET FOR CASE #: 1:03-cr-00175 All Defendants

Case title: USA v. Singleton

Date Filed: 02/20/2003
Date Terminated: 02/16/2005

Assigned to: Hon. David H. Coar

**Defendant**

**Anthony Singleton** (1)
*TERMINATED: 02/16/2005*
*also known as*
Anthony N Hall
*TERMINATED: 02/16/2005*

represented by **Anthony Singleton**
#94408-024
Ashland - KY
P.O. Box 6001
Ashland, KY 41105
PRO SE

**James F. Young**
Attorney at Law
53 West Jackson Blvd.
Suite 905
Chicago, IL 60604
(312) 461-0374
Email: jfyoung53@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Paul M. Brayman**
727 South Dearborn Street
Suite 712
Chicago, IL 60605
(312) 427-9766
Email: pmbrayman@rcn.com
*TERMINATED: 03/18/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Michael B. Mann**
P.O. Box 641
Maywood, IL 60153
(708) 450-7723
Email: mannfam23@comcast.net
*ATTORNEY TO BE NOTICED*

*Designation: Retained*

| | |
|---|---|
| **Pending Counts** | **Disposition** |

18:1708.F THEFT OR RECEIPT OF
STOLEN MAIL MATTER
(1)

It is the judgment of this court that: the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of 115 months. The defendant is sentenced on all count(s) of conviction, namely, count(s) 1, 2 & 3 to a period of 3 years of supervised release, said periods to run concurrent. The defendant is remanded to the custody of the United States Marshal.

18:1704.F KEYS OR LOCKS
STOLEN OR REPRODUCED
(2-3)

It is the judgment of this court that: the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of 115 months. The defendant is sentenced on all count(s) of conviction, namely, count(s) 1, 2 & 3 to a period of 3 years of supervised release, said periods to run concurrent. The defendant is remanded to the custody of the United States Marshal.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                               **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                      **Disposition**

None

---

**Plaintiff**

**United States of America**    represented by    **Rick D. Young**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604

(312) 353-5300
Email: rick.young@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pretrial Services**
.
435-5545
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov

*ATTORNEY TO BE NOTICED*

**Probation Department**
.
408-5197
Email: Intake_Docket_ILNP@ilnp.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2003 | 1 | COMPLAINT Hon. Geraldine Soat Brown (ar) (Entered: 02/21/2003) |
| 02/19/2003 | | ARREST Warrant issued for Anthony Singleton by Hon. Geraldine Soat Brown (ar) (Entered: 02/21/2003) |
| 02/19/2003 | 2 | MINUTE ORDER of 2/19/03 by Hon. Geraldine Soat Brown as to Anthony Singleton : Arrest warrant issued as to defendant Anthony Singleton. Mailed notice (ar) (Entered: 02/21/2003) |
| 02/20/2003 | 3 | INDICTMENT Counts filed against Anthony Singleton (1) count(s) 1, 2-3 (emd) (Entered: 02/21/2003) |
| 02/20/2003 | 4 | MINUTE ORDER of 2/20/03 by Hon. Geraldine Soat Brown as to Anthony Singleton: To issue bench warrant and the government will seek to have the defendant detained without bond pursuant to Title 18, United States Code, Section 3142, is granted. No notice (emd) (Entered: 02/21/2003) |
| 02/20/2003 | 5 | DESIGNATION SHEET FELONY Category 4 (emd) (Entered: 02/21/2003) |
| 02/21/2003 | | BENCH Warrant issued for Anthony Singleton (emd) (Entered: 02/21/2003) |
| 02/21/2003 | 6 | ARRAIGNMENT NOTICE: Before Hon. David H. Coar as to Anthony Singleton : Arraignment and plea set for 2/27/03 at 9:45am. Mailed notice (emd) (Entered: 02/21/2003) |
| 02/27/2003 | 7 | MINUTE ORDER of 2/27/03 by Hon. David H. Coar as to Anthony Singleton: Arraignment and plea re-set to 3/6/03 at 9:30 a.m. Mailed notice (yap) (Entered: 02/28/2003) |

| 03/06/2003 | 8 | MINUTE ORDER of 3/6/03 by Hon. David H. Coar as to Anthony Singleton : The defendant having not arrived to this District as of 03/06/03, the arraignment and plea is reset to 03/10/03 at 9:30 a.m. Mailed notice (ar) (Entered: 03/07/2003) |
| 03/10/2003 | 9 | MOTION by Anthony Singleton to dismiss indictment/complaint based on failure to indict in timely manner (emd) (Entered: 03/11/2003) |
| 03/10/2003 | 10 | APPEARANCE of Attorney for Anthony Singleton by James F. Young (emd) (Entered: 03/11/2003) |
| 03/10/2003 | 11 | MINUTE ORDER of 3/10/03 by Hon. David H. Coar as to Anthony Singleton : Leave granted James F. Young to file appearance on behalf of defendant. Arraignment held. Defendant waived reading of the indictment. Defendant enters a plea of not guilty to the indictment. LCrR16.1 Materials to be submitted by 3/17/03. Leave granted defendant to file pro se motion to dismiss indictment, answer to the motion to dismiss due by 3/24/03 [91-]. Ruling on the motion to dismiss set for 4/4/03 at 9:30am. [9-1]. Other motions to be filed by 4/4/03; answers to motions to be filed by 4/14/03; hearing on other motions set for 4/18/03 at 10a.m. Defendant ordered detained. Pursuant to 18:3161(h)(8)(A)(B) and (h)(1)(F), time is excluded through and including 4/18/03. Mailed notice (emd) (Entered: 03/11/2003) |
| 03/24/2003 | 18 | RESPONSE by USA to defendant's motion to dismiss indictment/complaint based on failure to indict in timely manner [9-1]; Notice (yap) (Entered: 04/10/2003) |
| 03/28/2003 | 12 | MOTION by Anthony Singleton to withdraw James Young as counsel and, to substitute counsel (emd) (Entered: 03/31/2003) |
| 04/02/2003 | 13 | MINUTE ORDER of 4/2/03 by Hon. David H. Coar as to Anthony Singleton: Ruling on the motion to dismiss indictment/complaint based on failure to indict in timely manner [9-1] set for 4/4/03 is stricken. The ruling on the motion to dismiss [9-1] is reset to 4/9/03 at 9:45 a.m. The defendant's pro se' motion to withdraw James Young as counsel [12-1] and to substitute counsel [12-2] is set for 4/9/03 at 9:45 a.m. Mailed notices by judge's staff (yap) (Entered: 04/03/2003) |
| 04/04/2003 | 14 | MOTION by Anthony Singleton for extension of time to file pre-trial motions ; Notice (yap) (Entered: 04/07/2003) |
| 04/04/2003 | 15 | MOTION by Anthony Singleton for an order requiring the Government to give notice of its intention to use certain evidence at trial (yap) (Entered: 04/07/2003) |
| 04/04/2003 | 16 | MOTION by Anthony Singleton for discovery (yap) (Entered: 04/07/2003) |
| 04/04/2003 | 17 | REBUTTAL to Government's response to defendant's motion to dismiss by Anthony Singleton (Attachments) (yap) (Entered: 04/07/2003) |
| 04/09/2003 | 19 | MINUTE ORDER of 4/9/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 4/14/03 at 9:30 a.m. The |

| | | defendant's request for new attorney is granted. Order the appointment of new attorney through the Federal Defender Program. Leave granted the government to file instanter response (correcting case number) to the defendant's [9-1], motion to dismiss. Response filed on 3/24/03 in case number #03 cr 174 is stricken from that docket. Status hearing regarding all the motions set for 4/14/03 at 9:30 a.m. Pursuant to 18:3161(h)(8)(A) (B) and (h)(i)(F), time is excluded through and including 4/14/03. Mailed notice (yap) (Entered: 04/10/2003) |
|---|---|---|
| 04/09/2003 | 20 | RESPONSE by USA to defendant's motion to dismiss indictment/complaint based on failure to indict in timely manner [9-1] (yap) (Entered: 04/10/2003) |
| 04/09/2003 | 21 | MINUTE ORDER of 4/9/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 5/2/03 at 9:30 a.m. Ruling on defendant's motion to dismiss indictment/complaint based on failure to indict in timely manner [9-1] is set for 5/2/03 at 9:30 a.m. Government is given to 4/25/03 to file responses to any other motions [16-1], [15-1], [14-1], [12-1] and [12-2]. Status hearing regarding all other motions set for 5/2/03 at 9:30 a.m. The motions' hearing date of 4/18/03 is stricken and no need to appear. Pursuant to 18:3161(h)(8)(A) (B) and (h)(1)(F), time is excluded through and including 5/2/03. Mailed notice (yap) (Entered: 04/15/2003) |
| 04/14/2003 | 22 | APPEARANCE of Attorney for Anthony Singleton by Michael B Mann (yap) (Entered: 04/15/2003) |
| 04/25/2003 | 23 | CONSOLIDATED RESPONSE by USA to defendant's pretrial motions; Notice (yap) (Entered: 04/28/2003) |
| 05/02/2003 | 24 | MINUTE ORDER of 5/2/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 5/30/03 at 10:30 a.m. Hearing on motions set for 5/30/03 at 10:30 a.m. [16-1], [15-1], [14-1], [12-1], [12-2] and [9-1]. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 5/30/03. Mailed notice (yap) (Entered: 05/13/2003) |
| 05/12/2003 | 25 | MOTION by Anthony Singleton to require additional witnesses at defendants May 30th, 2003 hearing concerning defendants motion to dismiss indictment (emd) (Entered: 05/13/2003) |
| 05/12/2003 | 26 | MOTION by Anthony Singleton for early return of subpoenas (emd) (Entered: 05/13/2003) |
| 05/16/2003 | 27 | MOTION by Anthony Singleton for order remanding defendant's detention to the M.C.C. Chicago (emd) (Entered: 05/21/2003) |
| 05/30/2003 | 28 | MINUTE ORDER of 5/30/03 by Hon. David H. Coar as to Anthony Singleton : Motion hearing held and continued to 6/25/03 at 9:30am regarding defendant's motion to dismiss [9-1]. The parties shall brief the two issues as stated on the record regarding Rule 32.1 by 6/13/03. The Court recommends that the defendant be housed at Metropolitan Correctional Center or Dodge County so that he may have access to the |

| | | |
|---|---|---|
| | | law library, xeroxing equipment, and computer/typing equipment. Pursuant to 18:3161(h)(1)(F), time is excluded through and including 6/25/03. Mailed notice (emd) (Entered: 06/02/2003) |
| 06/05/2003 | 29 | ARREST Warrant returned executed as to Anthony Singleton 2/22/03 (yap) (Entered: 06/06/2003) |
| 06/09/2003 | 32 | SUPPLEMENT brief by Anthony Singleton (yap) (Entered: 06/19/2003) |
| 06/13/2003 | 30 | SUPPLEMENT motion by Anthony Singleton to dismiss indictment/complaint based on failure to indict in timely manner [9-1]; (Attachments). (emd) (Entered: 06/16/2003) |
| 06/13/2003 | 31 | SUPPLEMENTAL memorandum by USA in opposition to defendant's motion to dismiss indictment/complaint based on failure to indict in timely manner [9-1]; (Attachments). (emd) (Entered: 06/16/2003) |
| 06/25/2003 | 33 | MINUTE ORDER of 6/25/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 6/27/03 at 9:30 a.m. Trial set for 8/5/03 at 10:00 a.m. For the reasons stated on the record, the motion to dismiss indictment [9-1] is denied. Status hearing regarding remaining motions continued to 6/27/03 at 9:30 a.m. 404(b) materials and any other disclosures under the rules to be provided by 7/16/03; Proposed jury instructions and proposed voir dire questions to be filed by 7/23/03. Further, status hearing set for 7/25/03 at 10:00 a.m. Motion for additional witness [25-1] is denied as moot. Motion for early return of subpoenas [26-1] is granted and reciprocal for the government. The defendant shall be maintained at the MCC through 6/27/03. Mailed notice (yap) (Entered: 06/30/2003) |
| 06/27/2003 | 34 | MINUTE ORDER of 6/27/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing reset to 7/2/03 at 9:30 a.m. The court orders the appoint of a new attorney, this is the final appoint. Pursuant to 18:3161 (h)(8)(A)(B), time is excluded through and including 7/2/03. Mailed notice (yap) (Entered: 06/30/2003) |
| 07/02/2003 | 35 | MINUTE ORDER of 7/2/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing and continued to 7/15/03 at 9:30 a.m. Leave granted Paul M. Brayman to file appearance on behalf of the defendant. The status date of 7/25/03 is stricken. Defendant's motion to require additional at defendants May 30th, 2003 hearing concerning defendants motion to dismiss indictment [25-1] is denied as moot. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 7/15/03. Mailed notice (yap) (Entered: 07/03/2003) |
| 07/02/2003 | 36 | APPEARANCE of Attorney for Anthony Singleton by Paul M. Brayman (yap) (Entered: 07/03/2003) |
| 07/15/2003 | | ORAL MOTION by Anthony Singleton to strike the trial date (yap) (Entered: 07/16/2003) |
| 07/15/2003 | 37 | MINUTE ORDER of 7/15/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 8/6/03 at 9:30 a.m. |

| | | Defendant's oral motion to strike the trial date [0-1] is granted. The deadline of July 16, 2003 fro 404(b) materials and other disclosures, the deadline of 7/23/03 for filing vior dire questions and proposed jury instructions and the trial date of 8/5/03 are all stricken. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 8/6/03. Mailed notice (yap) (Entered: 07/16/2003) |
|---|---|---|
| 08/01/2003 | 38 | TRANSCRIPT of proceeding as to Anthony Singleton held before Hon. David H. Coar on 5/30/03 and 6/25/03 (2 vols: 38-1 through 38-2) (yap) (Entered: 08/04/2003) |
| 08/06/2003 | 39 | MINUTE ORDER of 8/6/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing reset to 9/23/03 at 9:30 a.m. Pursuant to 18:3161(h)(A)(B)(B), time is excluded through and including 9/23/03. Mailed notice (yap) (Entered: 09/24/2003) |
| 09/23/2003 | 40 | MINUTE ORDER of 9/23/03 by Hon. David H. Coar as to Anthony Singleton : Status hearing reset to 10/23/03 at 9:30 a.m. Tentative change of plea set for 10/23/03 at 9:30 a.m. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 10/23/03. Mailed notice (yap) (Entered: 09/24/2003) |
| 10/22/2003 | 41 | MINUTE ORDER of 10/22/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing re-set for 10/30/03 at 9:30 a.m. The date of 10/23/03 is stricken. Tentative change of plea hearing is stricken. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 10/30/03. Mailed notice (yap) (Entered: 10/23/2003) |
| 10/30/2003 | 42 | MINUTE ORDER of 10/30/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 11/21/03 at 9:30 a.m. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 11/21/03. Mailed notice (yap) (Entered: 10/31/2003) |
| 11/21/2003 | 43 | MINUTE ORDER of 11/21/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 12/18/03 at 9:30 a.m. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 12/18/03. Mailed notice (yap) (Entered: 11/24/2003) |
| 12/18/2003 | | ORAL MOTION by Anthony Singleton to dismiss case (yap) (Entered: 12/19/2003) |
| 12/18/2003 | | ORAL MOTION by Anthony Singleton for a bill of particulars (yap) (Entered: 12/19/2003) |
| 12/18/2003 | 44 | MINUTE ORDER of 12/18/03 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 1/9/04 at 9:30 a.m. Defendant appeared with counsel. Defendant's pro se motion to dismiss [0-1] is denied. Defendant's pro se motion for a bill of particulars [0-1] is denied. The affidavit of Corporate Non Existence is filed and docketed. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 1/9/04. Mailed notice (yap) (Entered: 12/19/2003) |
| 12/18/2003 | 45 | AFFIDAVIT of Corporate Non-existence submitted by Anthony |

| | | Singleton (yap) (Entered: 12/19/2003) |
|---|---|---|
| 12/19/2003 | 46 | COPY OF LETTER from defendant Anthony Singleton to Paul Brayman dated 12/15/03 (yap) (Entered: 12/22/2003) |
| 12/29/2003 | 47 | NOTICE of felony/Notice of protest by Anthony Singleton; Notice (yap) (Entered: 12/30/2003) |
| 01/02/2004 | 48 | DEMAND by Anthony Singleton for certified documentations ; with notice to agent is notice to principal notice to principals is notice to agent applicable to all successors and assigns ; (Attachments) (pmp) (Entered: 01/05/2004) |
| 01/02/2004 | 48 | NOTICE to agent by Anthony Singleton is notice ot principal notice to principals is notice to agent appliable to all successors and assigns with demand for certified documentations; (Attachments) (pmp) (Entered: 01/05/2004) |
| 01/02/2004 | 49 | NOTICE by Anthony Singleton regarding certificate of non-response and certificate of confidence; Notice (pmp) (Entered: 01/05/2004) |
| 01/07/2004 | 50 | NOTICE of filing by Anthony Singleton affidavit (Refusal for cause/ Notice of default) (Attachments) (yap) (Entered: 01/08/2004) |
| 01/09/2004 | 51 | MINUTE ORDER of 1/9/04 by Hon. David H. Coar as to Anthony Singleton: Status hearing held and continued to 2/27/04 at 9:30 a.m. Within the past several weeks, defendant Anthony Singleton, has filed several pro se documents that raise concerns as to his mental competency to stand trial and to cooperate in the preparation of his defense. Mr. Singleton has also had several appointed attorneys and has been dissatisfied with all of them. On the court's own motion a hearing is ordered to determine the mental competency of the defendant. Prior to the date of that hearing a psychiatric and/or psychological examination is hereby ordered and a report to be prepared and filed with the court, pursuant to the provisions of 18 U.S.C. 4247(b) & (c). Pursuant to 18:3161(h)(8)(A)(B) and 19:3161(h)(1)(A) and (h)(1)(A), time is excluded through and including 2/27/04. Mailed notice (yap) (Entered: 01/12/2004) |
| 01/13/2004 | 52 | MOTION by Anthony Singleton to proceed in forma pauperis (yap) (Entered: 01/16/2004) |
| 01/13/2004 | 53 | WRIT of mandamus and prohibition by Anthony Singleton (Attachments); Notice (yap) (Entered: 01/16/2004) |
| 01/20/2004 | 54 | COMMAND order pursuant to Title 28 section 1361 and UCC 2-202 by Anthony Singleton; Notice (yap) (Entered: 01/21/2004) |
| 01/26/2004 | 55 | CONSTRUCTIVE and actual mandatory judicial Notice-liabiilty by Anthony Singleton (Attachment) (yap) (Entered: 01/27/2004) |
| 02/10/2004 | 56 | MINUTE ORDER of 2/10/04 by Hon. David H. Coar as to Anthony Singleton: Status hearing reset to 3/18/04 at 9:30 a.m. At the request of the Bureau of Prisons (MCC), the time to file examination and evaluation |

| | | |
|---|---|---|
| | | report pursuant to 18:4241(a)(b) is extended and shall be submitted by 3/15/04. Pursuant to 18:3161(h)(1)(A) and (8)(A)(B) time is excluded through and including 3/18/04. The date of 2/27/04 is stricken and no one should appear. Mailed notice (yap) (Entered: 02/12/2004) |
| 03/03/2004 | 57 | PETITION by USA to release supervised release information as to defendant Anthony Singleton ; Notice (yap) (Entered: 03/09/2004) |
| 03/08/2004 | 58 | MINUTE ORDER of 3/8/04 by Hon. David H. Coar as to Anthony Singleton: Goverment's petition to release supervised release information records related to defendant's previous term of supervised release [57-1] is granted. Mailed notice (yap) (Entered: 03/09/2004) |
| 03/16/2004 | 60 | FORENSIC REPORT (RESTRICTED) (meg) (Entered: 03/23/2004) |
| 03/18/2004 | 59 | MINUTE ORDER of 3/18/04 by Hon. David H. Coar as to Anthony Singleton: Status hearing set for 3/22/04 at 9:30 a.m. Paul M. Brayman is given leave to withdraw as counsel for the defendant, however, Paul Brayman shall serve as stand by counsel for defendant. Pursuant to 18:3161(8)(A)(B), time is excluded through and including 3/22/04. Mailed notice (yap) (Entered: 03/19/2004) |
| 03/22/2004 | 61 | MINUTE ORDER of 3/22/04 by Hon. David H. Coar as to Anthony Singleton : Santiago Proffer by 4/15/04. Proposed Jury instructions, voir dire questions and summary of indictment to be submitted/filed on or before 4/15/04. Brady, Jencks, Giglio materials, and any other disclosures to be provided by 4/15/04. All Pretrial list of witnesses to be filed by 4/15/04. Pursuant to 18:3161(h)(8)(A)(B), time is excluded through and including 5/3/04. Status hearing held; continued to 4/30/04 at 9:30 a.m. Trial set for 5/3/04 at 10:00 a.m. Mailed (meg) (Entered: 03/23/2004) |
| 03/26/2004 | 62 | NOTICE by Anthony Singleton of error of the court affidavit pursuant to Wit; Notice (yap) (Entered: 03/29/2004) |
| 03/26/2004 | 63 | AGREEMENT by Anthony Singleton (yap) (Entered: 03/29/2004) |
| 04/15/2004 | 64 | NOTICE of intent by USA to offer Rule 404(b) evidence and intricately connected evidence; Notice. (emd) (Entered: 04/16/2004) |
| 04/15/2004 | 65 | JURY Instructions proposed by USA (emd) (Entered: 04/16/2004) |
| 04/15/2004 | 66 | WITNESS list submitted by USA (emd) (Entered: 04/16/2004) |
| 04/26/2004 | 67 | NOTICE of court reporter by Anthony Singleton; Notice (yap) (Entered: 04/27/2004) |
| 04/26/2004 | 68 | REFUSAL for cause affidavit by Anthony Singleton; Notice (yap) (Entered: 04/27/2004) |
| 04/27/2004 | 69 | MINUTE ORDER of 4/27/04 by Hon. David H. Coar as to Anthony Singleton: Status hearing re-set for 4/28/04 at 9:30 a.m. The status date of 4/30/04 is stricken. Mailed notice (yap) (Entered: 04/28/2004) |
| 04/28/2004 | 70 | REFUSAL for cause affidavit by Anthony Singleton; Notice (yap) |

| | | (Entered: 04/29/2004) |
|---|---|---|
| 04/28/2004 | 71 | NOTICE of court reporter by Anthony Singleton; Notice (yap) (Entered: 04/29/2004) |
| 04/28/2004 | 72 | AFFIDAVIT of information in support of criminal complaint by witness and victim of criminal activity as to Anthony Singleton (yap) (Entered: 04/29/2004) |
| 04/28/2004 | 73 | MINUTE ORDER of 4/28/04 by Hon. David H. Coar as to Anthony Singleton: Status hearing held. Parties appeared, including, the standby attorney for the defendant. The court informed the defendant that he may wear street clothing during the trial and that he must provide said clothing. Leave given to the defendant to file certain defendants. Mailed notice (yap) (Entered: 04/29/2004) |
| 04/28/2004 | 74 | AMENDED WITNESS list submitted by USA; Notice (yap) (Entered: 04/29/2004) |
| 04/30/2004 | 75 | MOTION by USA in limine any testimony offered by defendant during his opening statement and closing arguments ; Notice (yap) (Entered: 05/03/2004) |
| 05/03/2004 | 76 | MINUTE ORDER of 5/3/04 by Hon. David H. Coar as to Anthony Singleton: Because some of the jurors answered some of the questions from the questionnaire "Jury Biographical Questions-Criminal Case" by stating "yes" or "no" to certain numbers, the Clerk's office is given leave to docket said questionnaire. The defendant also stated that he does not wish to be present for further trial proceedings. Trial begins - jury. voir dire begins Mailed notice (yap) (Entered: 05/04/2004) |
| 05/03/2004 | 77 | JURY BIOGRAPHICAL questions - Criminal Case as to Anthony Singleton (yap) (Entered: 05/04/2004) |
| 05/04/2004 | 79 | MINUTE ORDER of 5/4/04 by Hon. David H. Coar as to Anthony Singleton: Jury deliberation began. Mailed notice (yap) (Entered: 05/06/2004) |
| 05/04/2004 | 80 | MINUTE ORDER of 5/4/04 by Hon. David H. Coar as to Anthony Singleton: The verdict will not be entered until the defendant appears in open court. Status hearing set for 5/6/04 at 9:30 a.m. Trial ends-jury. Mailed notice (yap) (Entered: 05/06/2004) |
| 05/06/2004 | 78 | JURY Instructions by USA (Attachment) (yap) (Entered: 05/06/2004) |
| 05/06/2004 | 81 | MINUTE ORDER of 5/6/04 by Hon. David H. Coar as to Anthony Singleton : Defendant appeared in open Court without counsel. The Court entered the jury verdict. Jury verdict of Guilty as charged in the indictment. Enter Judgment of Guilty to the indictment. The Court advised the defendant of his right to having an attorney appointed for purposes of sentencing. Order Cause referred to the Probation Office for presentence investigation. Sentencing hearing set for 8/18/04 at 9:30am. Enter order governing objections to the PSI and motions for departure. Mailed notice (emd) (Entered: 05/07/2004) |

| 05/06/2004 | 82 | MINUTE ORDER of 5/6/04 by Hon. David H. Coar as to Anthony Singleton : The Defendant filed various documents challenging the Court's jurisdiction over him in this case. All of the Defendants' motions were denied on the record in open court and his legal arguments were rejected. Since his legal position about jurisdiction led him to waive his right to counsel and to be present during trial, the Court sets forth the reasons for rejecting his argument in the attached opinion. The attached opinion also sets forth the reasons the Court accepted the Defendant's waiver of his right to be present. Entered Memorandum Opinion. Mailed notice (emd) (Entered: 05/07/2004) |
| --- | --- | --- |
| 05/21/2004 | 83 | CONSTRUCTIVE and actual notice of interest affidavit by Anthony Singleton (Attachments); Notice (yap) (Entered: 05/24/2004) |
| 06/28/2004 | 84 | LETTER from Anthony Singleton-El regarding his case (Attachments) (las) (Entered: 06/29/2004) |
| 06/28/2004 | 85 | SUI JURIS release & discharge order by Anthony Singleton; Notice (yap) (Entered: 06/29/2004) |
| 08/05/2004 | 86 | REQUEST by Anthony Singleton for trial transcripts and other proceedings etc ; Notice (yap) (Entered: 08/05/2004) |
| 08/12/2004 | 87 | SENTENCING memorandum re Anthony Singleton; Notice (yap) (Entered: 08/12/2004) |
| 08/18/2004 | 88 | MINUTE ORDER of 8/18/04 by Hon. David H. Coar as to Anthony Singleton: The sentencing hearing is continued to 11/3/04 at 9:30 a.m. Mailed notice (yap) (Entered: 08/19/2004) |
| 08/23/2004 | 89 | BILL of exchange by Anthony Singleton (Attachment) (yap) (Entered: 08/24/2004) |
| 08/30/2004 | 90 | NOTICE of forced subordination, affidavit by Anthony Singleton (Attachments); Notice (yap) (Entered: 08/31/2004) |
| 11/03/2004 | 91 | MINUTE ORDER of 11/3/04 by Hon. David H. Coar as to Anthony Singleton : Defendant appeared without counsel. The sentencing hearing is continued to 12/07/04 at 9:30 a.m. Mailed notice (pmp) (Entered: 11/04/2004) |
| 11/10/2004 | 92 | NOTICE of falsification affidavit by Anthony Singleton; Notice (yap) (Entered: 11/16/2004) |
| 11/10/2004 | 93 | BILL of exchange by Anthony Singleton (yap) (Entered: 11/16/2004) |
| 12/06/2004 | 94 | MINUTE ORDER of 12/6/04 by Hon. David H. Coar as to Anthony Singleton: Sentencing hearing is reset to 2/1/05 at 2/1/05 at 9:30 a.m. The date of 12/7/04 is stricken-no one should appear on 12/7/04. Mailed notice (yap) (Entered: 12/07/2004) |
| 02/01/2005 | 95 | MINUTE entry before Judge David H. Coar as to Anthony Singleton: The sentencing hearing is continued to 2/16/2005 at 10:00 AM. (yap, ) (Entered: 02/02/2005) |

| 02/07/2005 | 96 | NOTICE of judicial bias affidavit by Anthony Singleton; Notice (yap, ) (Entered: 02/09/2005) |
|---|---|---|
| 02/16/2005 | 98 | MINUTE entry before Judge David H. Coar as to Anthony Singleton : This case before the court for a sentencing hearing. The defendant, Anthony Singleton, appeared pro se. The record should reflect that the defendant was removed from the courtroom for his disruptive behavior. The court proceeded to sentence the defendant. The court sentenced the defendant at the high end of the guidelines because the defendant has shown a total contempt for the entire judicial process. The court will notify the defendant of his right to appeal the sentence. The Clerk's office is directed to send a copy of this order and the judgment and committment order directly to Anthony Singleton. Mailed notice (yap, ) (Entered: 03/29/2005) |
| 02/16/2005 | 99 | JUDGMENT (Sentencing Order) as to Anthony Singleton: It is the judgment of this court that: the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of 115 months. The defendant is sentenced on all count(s) of conviction, namely, count(s) 1, 2 & 3 to a period of 3 years of supervised release, said periods to run concurrent. The defendant is remanded to the custody of the United States Marshal. Mandatory conditions of supervised release. Standard conditions of supervised release. Discretionary conditions of supervised release. Defendant shall make total restitution in the amount of $168,044.11. Schedule of payments. Anthony Singleton terminated. Signed by Judge David H. Coar on 3/25/05. Mailed copy to counsel of record (yap, ) (Entered: 03/29/2005) |
| 03/08/2005 | 97 | TRANSCRIPT of proceedings for the following dates: 3/8/05; Before the Honorable David H. Coar as to Anthony Singleton (yap, ) (Entered: 03/09/2005) |
| 03/30/2005 | | JUDGMENT and Commitment as to Anthony Singleton issued to U.S. Marshal (yap, ) (Entered: 03/30/2005) |
| 04/08/2005 | 100 | REFUSAL of court order affidavit by Anthony Singleton; Notice (yap, ) (Entered: 04/14/2005) |
| 04/08/2005 | 101 | COUNTERCLAIM by Anthony Singleton (yap, ) (Entered: 04/14/2005) |
| 04/14/2005 | 102 | REFUSAL of court judgement of 3/25/05 by Anthony Singleton (las, ) (Entered: 04/19/2005) |
| 06/15/2005 | 103 | Judgment and Commitment Returned Executed as to Anthony Singleton on 6/8/05. (yap, ) (Entered: 06/20/2005) |
| 12/13/2005 | 104 | NOTICE of filing personal documents by Anthony Singleton (yap, ) (Entered: 12/16/2005) |
| 12/30/2005 | 105 | NOTICE of filing as to Anthony Singleton regarding Notice of protest and opportunity to cure (yap, ) (Entered: 01/03/2006) |
| 01/11/2006 | 106 | CERTIFICATE of protect; Certificate of Dishonor as to Anthony |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 03 CR 175 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| ANTHONY SINGLETON | ) | |
| | ) | **DOCKETED** |
| Defendant. | ) | MAY 7 - 2004 |

## MEMORANDUM OPINION

In December 2003, the Defendant in this case began to submit a string of somewhat bizarre pro se filings. In these filings, he took an unusual and obscure position that he was not the Defendant in this matter and that the Court lacked jurisdiction over him. This Court repeatedly rejected Defendant's contentions on the record in open court. Since the Defendant's contentions led him to waive his right to counsel and his right to participate in his criminal trial, the Court sets forth below the nature of his position and the reasons for its rejection.

## I. DISCUSSION

### A. Phase One: February 20, 2003 through mid-December 2003

On February 20, 2003, a grand jury returned a three-count indictment charging Anthony Singleton with mail fraud (Count I) and illegal possession of postal arrow keys (Counts II & III). Because one of the Defendant's theories depends in part on the way the Defendant's name is presented in legal papers, the Court notes that the indictment consistently refers to the Defendant as "ANTHONY SINGLETON, also known as 'Anthony Hall'".

1

Exhibit C

On March 10, 2003, the Defendant filed a pro se motion to dismiss the indictment for failure to indict in a timely manner.  Between March 10 and June 25, the Defendant in this case fired two attorneys that had been appointed to represent him. He fired each attorney within twenty-one days of his appointment.  He additionally submitted several pro se motions in connection with the motion to dismiss the indictment.  In those motions, he refers to himself as interchangably as "Anthony Singleton", "ANTHONY SINGLETON" and "Mr. Singleton." After receiving briefs from both sides and holding an evidentiary hearing, the Motion was denied on June 25, 2003.

On June 27, 2003, the Court ordered the appointment of a third attorney for the Defendant in this case. On July 7, Paul Brayman filed his appearance on behalf of the Defendant. Between July 7 and mid-December 2003, there was no significant activity in this case while Mr. Brayman conducted plea negotiations with the government.

**B.    Defedant's Bizarre Pro Se Filings**

On December 15, 2003, the Defendant sent a letter to Mr. Brayman asserting that "Anthony Singleton [is] a flesh and blood man under the original agreement of the United States Constitution for America"; the court lacks jurisdiction; and Mr. Brayman's "services concerning [ANTHONY SINGLETON] in public affairs will no longer be required since I am not associated with the debts, damages or penalties associated with [ANTHONY SINGLETON] in the aforementioned corporate matter." The Defendant forwarded a copy of the letter to the clerk of this court and requested that this letter become part of the case file in 03 CR 175.

Between December 15, 2003 and January 9, 2004, the Defendant submitted five bizarre

2

pro se filings.[1]  Although it was not at all clear to this Court what the Defendant was claiming in

these filings, the most lengthy exposition of Defendant's position can be found in a document

styled "CONSTRUCTIVE AND ACTUAL MANDATORY JUDICIAL NOTICE–LIABILITY

OF THE COURT AFFIDAVIT" that was received in this Court on January 2, 2004.  In this

document, he asserts, inter alia, that:

> (1) this Court lacks jurisdiction and can be held liable in tort for acting without
> jurisdiction;
> (2)"Anthony Singleton El (correctly spelled, upper and lower case letters), the
> undisclosed principal, pursuant to UCC 1.201 and HJR 192 of June 5, 1933, is
> exempt from Levy, Non-Military, Non-Assumpsit, and Non-
> Corporate/Commercial Activities";
> (3) he is a Kushite governed by natural law, the great law of peace, the organic
> 1791 Constitution, and the Kushite (African) principles of existence; and
> (4) the "UNITED STATES OF AMERICA, INCORPORATED (also known as
> the 1863 United States Rights Republic USA) is a foreign, fictitious, Military, and
> Corporate/Commercial entity to the lands of the Americas, operating, existing,
> and controlled under the CATHOLIC MAGNA CARTA, the KNIGHTS OF
> COLUMBUS CODE, THE KU KLUX KLAN OATH, and the unlawful
> amendments of the original 1791 Constitution."

(Liability of Court Aff. at 2–4.)  Based on these filings and the Defendant's in-court demeanor,

on January 9, 2004, the Court on its own motion ordered that the Defendant submit to a

competency evaluation.

The evaluation report outlines essentially two bizarre theories that the Defendant

apparently accepts and relies upon in his submissions to this Court.  The first is a theory that the

U.S. government created individual treasury accounts for each U.S. citizen in the 1930s that are

referenced whenever the citizen is referred to in all capital letters (e.g. ANTHONY

---

[1]Also during this time period, he apparently changed his name from Anthony Singleton to
Anthony Singleton-El.  The -El suffix first appeared in a "Notice of Felony/Notice of Protest"
that he mailed on December 21, 2003 and was received on December 29, 2003.

SINGLETON). The Defendant asserts that because the indictment and other court filings refer to him in all capital letters, they are referring to the treasury account and not the actual person of Anthony Singleton, now known as Anthony Singleton-El. The second theory holds that the U.S. Congress illegally adjourned without a quorum in March 1861, so all laws that have been enacted since that time are nullities. Since the laws that the defendant is accused of violating were promulgated since 1861, the Defendant believes that they do not apply.

The appearance of these theories in this case coincided with the arrival of another federal detainee from Pennsylvania at the Metropolitan Correctional Center (MCC). While at the MCC, this detainee was housed in the same unit as the Defendant between December 4, 2003 and January 16, 2004. Between December 30, 2003 and January 16, 2004, the two shared the same cell. Their cohabitation is significant because the legal arguments the defendant made in this case are identical in all pertinent respects to arguments that the Pennsylvania detainee was presenting to the court.

The forensic evaluator concluded that there was no reason to believe that the Defendant was incompetent to stand trial or that he suffered from an ascertainable mental health disorder that would support a finding of insanity. Although the Defendant's legal strategy was unlikely to succeed, the evaluator found that it was not the product of delusional thinking or some other ascertainable mental health disorder.

After concluding that the Defendant was sane and competent to stand trial, the Court proceeded to bring the case to trial. In every subsequent proceeding, the Defendant would appear and insist that he was not the defendant in this matter, he was merely a secured party and a priority lien holder over the true defendant, the supposed corporate entity of ANTHONY

4

SINGLETON. Each time, the Court rejected the Defendant's position.

The Court rejected the Defendant's legal argument for several reasons. First, the Court clearly has jurisdiction over this criminal case. This Court's jurisdiction derives from the indictment delivered by the properly assembled grand jury that accuses the defendant of violating 18 U.S.C. § 1704 and 18 U.S.C. § 1708. The Defendant had clearly accepted the jurisdiction of this Court prior to December 2003. It is almost a certainty that the change of his legal strategy resulted from the unfortunate influence of his fellow detainee who shared the same bizarre beliefs. While jurisdiction is a non-waivable defect, this Court's jurisdiction does not depend on the unusual and varying beliefs of the Defendant. Second, the Defendant presented no relevant evidence or argument in support of his highly dubious propositions. It is not clear to this Court that Congress did adjourn without a quorum in 1861 or that the Treasury Department ever created accounts for U.S. citizens that are referenced when the citizen is referred to in all capital letters. Additionally, if Congress had adjourned without a quorum, it is not clear that the necessary remedy would be to nullify all subsequent federal enactments. Third, it makes no sense to rest a jurisdictional distinction upon the use of all upper case letters or a mixture of upper and lower case letters. The federal courts abandoned this level of formalism long ago. Whether the indictment referred to "Anthony Singleton" or "ANTHONY SINGLETON", the Court finds that it clearly alleged that the flesh and blood person of the Defendant in this case violated provisions of federal criminal law.

## C.    Defendant's participation during trial

Defendant's adherence to his legal position led him to seek to absent himself from his trial. When he appeared in Court on his trial date, he refused to recognize the jurisdiction of the

5

court over him and requested to be excused from participating in the proceedings.

Rule 43 of the Federal Rules of Criminal Procedure sets forth the requirements relating to the defendant's presence. Rule 43(a) establishes that the defendant must be present at the initial appearance, the initial arraignment, the plea, every trial stage (including jury impanelment and the return of the verdict), and sentencing. Fed. R. Crim. Pro. 43(a). Rule 43(c) establishes that a defendant who is initially present at trial can waive the right to be present under certain enumerated circumstances. The circumstance that applies specifically in this case is that of Rule 43(c)(1)(A), which provides that: "A defendant who was initially present at trial waives the right to be present . . . when the defendant is voluntarily absent after the trial has begun . . . ." Fed. R. Crim. Pro. 43(c)(1)(A); see also Taylor v. United States, 414 U.S. 17 (1973) (per curiam) (holding that trial of a Defendant who voluntarily absents herself during trial is permitted); cf. Crosby v. United States, 506 U.S. 225 (1993) (holding that the Defendant must be present for the beginning of trial under Rule 43 of the Federal Rules of Criminal Procedure).

The Defendant in this case affirmatively sought to absent himself from these proceedings, even offering to sign a waiver of his rights to be present. The Court strongly advised the Defendant against absenting himself from the proceedings. During jury selection, the Defendant threatened to become very disruptive if he were required to remain in the courtroom. After the jury was impaneled, the Defendant renewed his request to be absent from the proceedings.

After advising the Defendant of the rights he would waive if he were absent from these proceedings, the Court granted the Defendant's request. If the Court were to require the Defendant's presence in circumstances such as this, few, if any, positive consequences would result. The Defendant indicated (in writing) an intention to become very disruptive if he were

6

forced to remain in the courtroom. A citation for contempt of court would not serve the Defendant's interests, nor would his disruptive behavior be in the interests of justice as it could unfairly prejudice the jury against him. The United States Marshals Service, an organization charged with the task of transporting criminal defendants to and from court, expressed concern about the challenges that would confront them if the Defendant refused to be transported to court voluntarily.[2] This raises a risk that requiring the Defendant's presence might endanger his personal safety as well as the personal safety of members of the United States Marshals Service. In light of the Defendant's rejected legal position, his consistent assertion that he is a "secured party and priority lien holder" and not the defendant would undoubtedly introduce irrelevant and confusing issues to the jury.

In this unique situation where the Defendant clearly and knowingly waived his right to counsel and his right to be present in the proceeding, this Court did not compel him to be present during the remainder of his trial.

---

[2]Standing alone, the challenges in transporting an unwilling Defendant would *never* be sufficient grounds to keep the Defendant out of court, but where the Defendant has clearly and unequivocally expressed a desire *not* to be present, concerns for the safety of the Defendant and the U.S. Marshals during transportation are relevant to whether the Court should authorize the use of physical force to compel the Defendant's presence.

## CONCLUSION

The Court rejected the Defendant's arguments relating to the Court's jurisdiction and permitted him to waive his right to be present for the reasons set forth above.

**Enter:**

_David H. Coar_
**David H. Coar**
**United States District Judge**

**Dated: May 6, 2004**

8

<pre>
 1            IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2                    EASTERN DIVISION

 3   UNITED STATES OF AMERICA,        )
     an Illinois corporation,         )
 4                                     )
                    Plaintiffs,        )   Case No. 03 CR 175
 5                                     )
                 vs.                   )
 6                                     )
     ANTHONY SINGLETON,                )   Chicago, Illinois
 7                                     )   February 16, 2005
                    Defendant.         )   10:00 o'clock a.m.
 8

 9               TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE JUDGE DAVID H. COAR
10

11   APPEARANCES:

12   For Plaintiff:          MR. RICK D. YOUNG
                             Asst. US Attorney
13                           219 South Dearborn Street
                             Chicago, IL  60604
14
     For the Defendant:      MR. ANTHONY SINGLETON, Pro se
15
     For Probation Office:   MS. AMY CALLAHAN
16

17   Court Reporter:         Ms. Edna D. Stroud, CSR
                             P.O. Box 663
18                           Chicago, IL  60690

19               * * * * * * * * * * * * *
                 PROCEEDINGS RECORDED BY
20               MECHANICAL STENOGRAPHY
            TRANSCRIPT PRODUCED BY COMPUTER
21

22

23

24

25
                                          Exhibit D
</pre>

2

1    THE CLERK:  10:00 o'clock matters.  U.S.A.

2    versus Anthony Singleton.  03 CR 175.

3    MR. YOUNG:  Good morning, Your Honor.  Rick

4    Young on behalf of the United States.

5    THE COURT:  Mr. Young.

6    MS. CALLAHAN:  Good morning.  Amy Callahan

7    for Robert Bolt of the United States Probation.

8    MR. SINGLETON:  I am here without prejudice

9    without waiving any rights, remedies or defenses,

10    statutorial procedure as a third party intervener with

11    the security in the subject matter that supersedes that

12    of the plaintiff.  I am only here for the settlement

13    and the adjustment of the account.

14    Is your name David H. Coar?  I assume by

15    your silence that you have given me permission to

16    indicate you are --

17    THE COURT:  I am not giving you permission to

18    do anything, Mr. Singleton, or would you prefer to be

19    called Singleton-El?

20    MR. SINGLETON:  I am only here for the

21    settlement and adjustment of --

22    THE COURT:  I didn't ask you why you are

23    here, I asked you what your name was?

24    MR. SINGLETON:  I am only interested in

25    protecting my property rights.

3

1        THE COURT:  The record will reflect that

2   Mr. Anthony Singleton who was arraigned, tried and who

3   has been held in custody as Anthony Singleton who has

4   indicated previously that he would prefer to be called

5   Anthony Singleton-El is present.

6        A    It appears that you identify a party that

7   has not been properly brought forth for the record.  I

8   have not given you permission to indicate the name

9   which is my private property at any time.  You do not

10   have permission to do that.

11        THE COURT:  Anthony Singleton-El, have you

12   received a copy of the presentence investigation

13   report?

14        MR. SINGLETON:  You can refer to me as the

15   secured party in this matter.  I am only here for the

16   settlement and adjustment of this account.

17        THE COURT:  Have you received a copy of the

18   presentence investigation report?

19.        MR. SINGLETON:  Do you have a claim against

20   me David H. Coar?  Do you have a claim against me David

21   H. Coar?  For the record, do you have a claim against

22   me, Mr. David H. Coar?  Let the record reflect by your

23   silence that you do not have a claim against me,

24   Mr. David H. Coar.  Mr. David H. Coar, do you know of

25   anyone who has a claim against me, sir?

4

1        THE COURT:  United States of America has a

2   claim.  No, I am not silent.  United States of America

3   has a criminal claim against you.

4        MR. SINGLETON:  Well, can you put the United

5   States of America on the stand so I can cross examine

6   him and verify whether or not there is a claim against

7   him.

8        THE COURT:  I will not.  I will not.

9        MR. SINGLETON:  Are you refusing to permit me

10  to know whether or not there is a legitimate claim

11  before this court?

12       THE COURT:  I am refusing you to do anything

13  other than to be sentenced.

14       MR. SINGLETON:  I am only here for the

15  settlement and the adjustment of the account.  I am the

16  secured party in this matter.

17       THE COURT:  Watch, Mr. Singleton-El, just

18  watch.

19       MR. SINGLETON:  Are you refusing to permit me

20  to know if there is a legitimate claim before this

21  court?

22       THE COURT:  I am refusing to let you do

23  anything other than be sentenced in this matter.

24       MR. SINGLETON:  Let the record reflect that

25  you stipulated that you do not have a claim against me.

5

1    Do you know of anyone who has a claim against me?

2              THE COURT:  I just told you, Mr. Singleton.

3              MR. SINGLETON:  Do you know of anyone who has

4    a claim against me?

5              THE COURT:  Did you receive a copy of the

6    presentence investigation report?

7              MR. SINGLETON:  Let your diversion indicate

8    that you do not know of anyone who has a claim againts

9    me.

10             THE COURT:  Will the marshals please remove

11   this gentleman from the courtroom to be sentenced in

12   the lockup.  There is a loud speaker there, he can hear

13   the proceedings because he is disruptive.

14             THE MARSHALL:  Your Honor, your instructions

15   again.

16             THE COURT:  I'm sorry.

17             THE MARSHAL:  We just have him in cuffs.  Do

18   you want me to take him up?

19             THE COURT:  No.  Keep him in the cell until

20   after the sentencing is over so he can hear the

21   proceeding.  All right, I have the presentence

22   investigation report.  I have a base offense level of

23   six.  The probation officer imposed a ten level

24   increase because of the loss amount.  In the

25   government's position paper it indicated the loss

14

C E R T I F I C A T I O N

EDNA D. STROUD, being first duly sworn on oath says that she is a Certified Shorthand Reporter, that she reported in shorthand the record of proceedings given in the above-entitled matter, and that the foregoing is a true and correct transcript of her shorthand notes so taken as aforesaid, and contains all the proceedings given at said hearing.

And further, that she is not connected by blood or marriage, nor is she a relative, employee, or counsel of any of the parties, or financially interested directly or indirectly in this matter in controversy.

*Edna D. Stroud*                    Dated: *2/25/05.*
EDNA D. STROUD, Transcriber
CSR License #084-002240



FEDERAL CORRECTION INSTITUTION
P.O. BOX 6001
ASHLAND, KENTUCKY  41105-6001

7005 1820 0004 8600 8727

ATTORNEY GENERAL SERVICE
MAR 2 4 2006
OF PROCESS

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE ALIEN PROPERTY CUSTODIAN
c/o Alberto Gonzales, Attorney General
950 Pennsylvania Avenue
Room 4545
Washington, District of Columbia    20530-0001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

**JAN 1 5 2004**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

Anthony Singleton-El,
Private, Sovereign, Aboriginal,
Indigenous, Non Resident Alien

**DOCKETED**

**JAN 1 6 2004**

    Plaintiff      )

            )

    vs.        )

MICHAEL CARROLL       )
JEFFERY SACK        )
PHILLIP DENNE        )
CHRISTINE KUGOLOSKI     )
KEVIN BOYLE        )
STEVE MAGNUSON       )
UNITED STATES POSTAL INSPECTION SERVICE )

TODD DI CARLO        )
THOMAS JOHNSON       )
RICHARD WALSH        )
MATTESON POLICE DEPARTMENT et al  )
            )
JOHN MAHONEY        )
COOK COUNTY STATES ATTORNEYS OFFICE  )
            )
MICHAEL TOOMIN       )
COOK COUNTY CIRCUIT COURT    )
            )
JULIE COKER        )
MANAGER, HYATT HOTEL     )
            )
    Defendants    )
            )

**04C 0291**

**JUDGE HOLDERMAN**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN
TRIAL BY JURY
DEMANDED

---

## COMPLAINTS AT LAW

Comes Now the Plaintiff, Anthony Singleton-El Sovereign and
Indigenous, and for the complaints against the Defendants:
MICHAEL CARROLL, JEFFERY SACK, PHILLIP DENNE, CHRISTINE KUGOLOSKI,
KEVIN BOYLE, STEVE MAGNUSON,TODD DI CARLO, THOMAS JOHNSON,
RICHARD WALSH, JOHN MAHONEY, MICHAEL TOOMIN, and JULIE COKER alleges
as follows:

Exhibit E

## JURISDICTION

This action is being brought for violations of the laws of the United States of America and this Court has Jurisdiction under Title 42 U.S.C. §1985. The Defendants conspired to impede justice with the intent to deny Paintiff equal protection of the law and conspiracy to deprive Plaintiff equal privileges and immunities under the law to wit; The Organic United States Constitution of 1791, plaintiffs 4th Amendment Constitutional Right to be free from unreason able searches and seizure, not limited Title 42 §1983 & §1986.

## VENUE

Venue properly lies in the Northern District of Illinois in that the events giving rise to the claim occurred in the city of Chicago, the County of Cook, and the State of Illinois.

## PARTIES

Defendants, MICHAEL CARROLL, JEFFERY SACK, PHILLIP DENNE, KEVIN BOYLE, CHRISTINE KUGOLOSKI, and STEVE MAGNUSON is and at all time relevant hereto was a United States Postal Inspector. Defendants TODD DI CARLO THOMAS JOHNSON, and RICHARD WALSH are and all times relevant hereto was a member of the Matteson Police Department. Defendant, JOHN MAHONEY is and at all times relevant hereto was employed as an Assistant States Attorney for the Cook County States Attorneys Office. Defendant MICHAEL TOOMIN is and at all times relevant hereto was a presiding Judge for the Cook County Circuit Court. Defendant JULIE COKER is and at all times relevant hereto was employed as Manager of the Hyatt Hotel, 500 South Dearborn Street, Chicago, Illinois 60605.

Plaintiff, Anthony Singleton-El is and at all time relevant hereto; Private, Sovereign, Indigenous, Non Resident alien.

## UNDERLYING FACTS

On or about February 22nd, 2002, the United States Postal Inspectors and the Matteson Police Department assaulted, and forcibly seized a key belonging to Plaintiffs private location, located at 2300 W. Monroe Street, Chicago, Illinois 60612.

On or about February 22nd, 2002, the United States Postal Inspectors and the Matteson Police Department were given access to Room #214 of the Hyatt Hotel at 500 South Dearborn, Chicago, Illinois 60605 by the General Manager JULIE COKER for the purpose of searching and seizing property belonging to Plaintiff Anthony Singleton-El without proper legal authority or lawful justification.

On or about February 22nd, 2002 the United States Postal Inspectors and the Matteson Illinois Police Department entered the Plaintiffs private location without notice to its occupants utilizing key seized from Plaintiff during assault at the Hyatt Hotel.

United States Postal Inspectors assaulted and terrorized Plaintiffs
16 year old daughter. The tortfeasors then questioned and placed
the child under arrest while other Inspectors and members of the
Matteson Police Department wantonly destroyed Plaintiffs private
location and seized money and other valuables.

After approximately 3 hours of occupation of Plaintiffs private
location, an associate of the Plaintiff arrives and was given a
document claiming to be a search warrant to enter the location to
search and seize property by the Defendant MICHAEL CARROLL.

Examination of document indicates that the Matteson Police Department
Detective TODD DI CARLO alleges to have presented certain facts sufficient
for the issuance of the aforementioned search warrant through Assistant
States Attorney JOHN MAHONEY and authorized by Cook County Circuit
Court Judge MICHAEL TOOMIN to enter and search and seize property.
Specifically property of the United States Postal Service and United
States mail on February 21st, 2002.

The Plaintiff contends the Matteson Police Department had no substantial
lawful legal interest to request issuance of search warrant for Plaintiffs
private location concerning U.S. mail and property of the United
States Postal Service at 2300 W. Monroe Street, Chicago, Illinois 60612.

Plaintiff contends Assistant States Attorney JOHN MAHONEY had no legal
authority to request issuance of search warrant for purposes of searching
and seizing property of the United States Postal Service and United
States mail where no statutes exists indicating such articles constitute
violations of Illinois Criminal Codes.

Plaintiff contends Cook County Circuit Court JUDGE MICHAEL TOOMIN had
no statutory basis for authorizing a search of Plaintiffs private
sovereign location to search for property of the United States
Postal Service and United States mail.

Plaintiff contends Cook County Circuit Court JUDGE MICHAEL TOOMIN
issued warrant without having received appropiate complaint or
affidavit to support rationale for authorizing a search of Plaintiffs
private sovereign locations in violation of Illinois Criminal Codes
Procedure.

The Cook County Circuit Court lacked in rem, in personam, and terri-
torial jurisdiction to authorize searches of Plaintiffs private
sovereign locations.

## FEDERAL CIVIL RIGHTS VIOLATIONS

The actions conspired to by the Matteson Police Department, the
United States Postal Inspectors, Cook County States Attorneys office,
the Cook County Circuit Court, and the Hyatt Hotel were willful,
wanton, and were taken with evil intent and callous indifference to
the Constitutional Rights of the Plaintiff and his family.

The Plaintiff and his family have been deprived of their personal
valuables and life savings as a direct result of the unlawful invasions
committed by the United States Postal Inspectors and the Matteson
Police Department.

The Plaintiffs 16 year old daughter has suffered irreparable psychol-
ogical damage as a result of her assualt and arrest during invasion
which also resulted in the confiscation and destruction of her academic
research and study tools.

The invasions of the Plaintiffs private sovereign locations without
proper legal justification has caused Plaintiffs entire family to
suffer permanent psychological damage, pain, fright, degradation,
emotional and financial distress as a direct and proximate result
of the conspired actions of the Defendants as set forth above.

   Wherefore, the Plaintiff Anthony Singleton-El Private, Sovereign,
and Indigenous prays that this Court:

A. Find that the Defendants; MICHAEL CARROLL, JEFFERY SACK,
   PHILLIP DENNE, CHRISTINE KUGOLOSKI, KEVIN BOYLE, STEVE MAGNUSON,
   TODD DI CARLO, THOMAS JOHNSON, RICHARD WALSH, JOHN MAHONEY,
   MICHAEL TOOMIN, and JULIE COKER guilty of and liable for the
   unlawful searches and seizure of Plaintiffs private property,
   as well as assaults upon Plaintiff and his daughter in violation
   of Title 42 U.S.C. §1983, §1985, and §1986.

B. Enter a judgement in Plaintiffs favor and against Defendants;
   MICHAEL CARROLL, JEFFERY SACK, PHILLIP DENNE, KEVIN BOYLE,
   CHRISTINE KUGOLOSKI, STEVE MAGNUSON, TODD DI CARLO, THOMAS
   JOHNSON, RICHARD WALSH, JOHN MAHONEY, MICHAEL TOOMIN, and
   JULIE COKER, and award Plaintiff:

   I. $3,000,000.00 dollars US currency compensatory damages as
      shall be proven at trial.

   II. $3,000,000.00 dollars US currency punitive damages as shall
       be proven at trial.

   III. Plaintiffs Attorneys fees herein pursuant to Title 42 U.S.C.
        §1988

   IV. Plaintiffs costs herein: and such relief as the Court deems
       just and proper.

## CERTIFICATION

By signing this complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information, and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___8th___ day of ___Oct___, 2004

Plaintiff At Arms Length Transaction

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 291 | **DATE** | 2/11/2004 |
| **CASE TITLE** | | SINGLETON-EL vs. CARROLL et al | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    The complaint is dismissed . Plaintiff's motion to proceed in forma pauperis is moot. This action is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | IS | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| JS | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

<u>04 C 291</u>

On January 15, 2004, plaintiff Anthony Singleton-El ("Singleton-El"), who at the time of this filing was in custody, filed a motion to proceed in forma pauperis ("IFP"), along with a complaint against six United States Postal Inspectors ("Postal Inspectors")[1], three officers of the Matteson Police Department ("Police Officers")[2], John Mahoney, Cook County State's Attorney, Michael Toomin, Cook County Circuit Court Judge,  and Julie Coker, manager of a Hyatt Hotel.  The complaint requests money damages and alleges that the defendants unlawfully searched and seized Singleton-El's private property and assaulted him and his daughter in violation of 42 U.S.C. §§ 1983, 1985, 1986.  For the following reasons, the complaint is dismissed.

Specifically, Singleton-El alleges that the Postal Inspectors and Police Officers were unlawfully provided access to a hotel room at a Hyatt Hotel by defendant Julie Coker.  After entering the hotel room, the Postal Inspectors and Police Officers acquired, by assaulting Singleton-El, a key to what Singleton-El calls his "private location," located at 2300 W. Monroe Street, Chicago, Illinois 60612 ("Monroe Street Location").  The Postal Inspectors and Police Officers then utilized the key acquired at the Hyatt Hotel to enter the Monroe Street Location without notice to the residents.  Upon entering the Monroe Street Location the Postal Inspectors terrorized Singleton-El's daughter and placed her under arrest and the Postal Inspectors and Police Officers "wantonly destroyed Plaintiffs private location and seized money and other valuables." (Compl. at unnumbered page 3.) "After approximately 3 hours of occupation of Plaintiffs private location, an associate of the Plaintiffs arrive[d] and was given a document claiming to be a search warrant." (<u>Id.</u>)  Singleton-El alleges that the search warrant was unlawfully issued by Michael Toomin, Cook County Circuit Court Judge, and unlawfully requested by the Police Officers and John Mahoney, Cook County State's Attorney.

Before considering a request to proceed IFP, a court must evaluate the complaint to determine whether it properly states a claim.  28 U.S.C. § 1915(e)(2).  An action that fails to state a claim upon which relief may be granted must be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

Singleton-El's claims under 42 U.S.C. §§ 1985, 1986 are dismissed.  Neither section 1985(1), relating to conspiracies to prevent an officer of the United States from performing official duties, nor section 1985(2), relating to conspiracies to obstruct justice, have any conceivable application to the facts alleged by Singleton-El.   Singleton-El has failed to allege any racial or class-based discrimination in order to state a claim under § 1985(3)." <u>Loy v. Clamme</u>, 804 F.2d 405, 408 (7th Cir. 1986) (citations omitted).  His failure to state a claim under section 1985 requires dismissal of his claim under section 1986. <u>Id.</u>

Singleton-El's claims under 42 U.S.C. § 1983 are dismissed for failure to comply with Local Rule 81.1, which requires that pro se complaints alleging violations of section 1983 brought by persons in custody shall be on forms supplied by the court.

Accordingly, the complaint is dismissed.  The motion to proceed IFP is moot.

---

[1]The complaint named the following United States Postal Inspectors: Michael Carroll, Jeffery Sack, Phillip Denne, Christine Kugoloski, Kevin Boyle, Steve Magnuson.

[2]The complaint named the following officers: Todd Di Carlo, Thomas Johnson, Richard Walsh.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

ANTHONY SINGLETON-EL

v.

CARROLL

APR 1 3 2004

**JUDGMENT IN A CIVIL CASE**

Case Number: 04 C 291

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. §1915(g).

Michael W. Dobbins, Clerk of Court

Date: 4/9/2004

J. Smith, Deputy Clerk

Minute Order Form (06/97)

554

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 291 | **DATE** | April 9, 2004 |
| **CASE TITLE** | Anthony Singleton-El # 94408-024 v. Carroll | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    The clerk shall docket a copy of Plaintiff's motion to proceed in forma pauperis in case # 04 C 1398 as his in forma pauperis motion in this case. Plaintiff's motion for leave to file in forma pauperis is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at the Metropolitan Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

James F. Holderman

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | 11 |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 15 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| STB | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

BROWN, TERMED

# United States District Court
# Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:04-cv-00291

Singleton-El, et al v. Carroll, et al
Assigned to: Hon. James F. Holderman
Demand: $0
Cause: 28:1331 Federal Question: Bivens Act

Date Filed: 04/09/2004
Date Terminated: 04/09/2004
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

### Plaintiff

**Anthony Singleton-El**
*Private, Sovereign, Aboriginal,*
*Indigenous, Non Resident Alien*

represented by **Anthony Singleton-El**
#94408-024
Metropolitan - MCC
Metropolitan Correctional Center
71 West Van Buren Street
Chicago, IL 60605
PRO SE

V.

### Defendant

**Michael Carroll**

### Defendant

**Jeffery Sack**

### Defendant

**Phillip Denne**

### Defendant

**Christine Kugoloski**

### Defendant

**Kevin Boyle**

### Defendant

**Steve Magnuson**

### Defendant

**United States Postal Inspection Service**

### Defendant

**Todd Di Carlo**

**Defendant**

**Thomas Johnson**

**Defendant**

**Richard Walsh**

**Defendant**

**Matteson Police Department et al**

**Defendant**

**John Mahoney**

**Defendant**

**Cook County State's Attorney's Office**

**Defendant**

**Michael Toomin**

**Defendant**

**Cook County Circuit Court**

**Defendant**

**Julie Coker**

**Defendant**

**Hyatt Hotels**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2004 | 1 | RECEIVED COMPLAINT by plaintiff with no copies. (lc) (Entered: 01/16/2004) |
| 01/15/2004 | 2 | CIVIL cover sheet. (lc) (Entered: 01/16/2004) |
| 01/15/2004 | 3 | APPLICATION by plaintiff to proceed in forma pauperis . (lc) (Entered: 01/16/2004) |
| 01/15/2004 | 4 | AFFIDAVIT by plaintiff of corporate non-existence. (lc) (Entered: 01/16/2004) |
| 01/16/2004 | | FORWARDED complete case file to Prisoner Correspondence. (lc) Modified on 01/27/2004 (Entered: 01/16/2004) |
| 02/09/2004 | 5 | MINUTE ORDER of 2/9/04 by Hon. James F. Holderman : The court denies plaintiff's motion for leave to file in forma pauperis without prejudice to reconsideration should he renew his motion in compliance with this order [3-1]. Plaintiff is given until 3/9/04, either to file an in |

| | | |
|---|---|---|
| | | forma pauperis application on the enclosed form with the information required by 1915(a)(2) or to pay the full $150 filing fee. If plaintiff takes no action by that date, the court will dismiss the complaint without prejudice. The clerk is directed to send plaintiff an in forma pauperis application along with a copy of this order and is further directed to send a copy of this order to the trust account supervisor at the Metropolitan Correctional Center. (See reverse of minute order.) Mailed notice (las) (Entered: 02/10/2004) |
| 02/10/2004 | | MAILED copy of order dated 2/9/04, notice and in forma pauperis application to Anthony Singleton-El (las) (Entered: 02/10/2004) |
| 02/10/2004 | | MAILED copy of order dated 2/9/04 to trust account supervisor at Metropolitan Correctional Center (las) (Entered: 02/10/2004) |
| 02/11/2004 | 6 | MINUTE ORDER of 2/11/04 by Hon. James F. Holderman : The complaint is dismissed. Plaintiff's motion to proceed in forma pauperis is moot. This action is dismissed in its entirety. (See reverse of minute order.) terminating case Mailed notice (las) (Entered: 02/12/2004) |
| 02/11/2004 | 7 | ENTERED JUDGMENT (las) (Entered: 02/12/2004) |
| 02/23/2004 | 10 | APPLICATION by plaintiff to proceed in forma pauperis (las) (Entered: 04/12/2004) |
| 02/24/2004 | 8 | MINUTE ORDER of 2/24/04 by Hon. James F. Holderman : The order and judgment dated 2/11/04 having been entered in error are vacated [6-2] [6-1] [7-1]. The order dated 2/9/04 shall stand. Case reopened Mailed notice (las) (Entered: 02/25/2004) |
| 03/09/2004 | 9 | MOTION by plaintiff to amend complaint (las) (Entered: 03/10/2004) |
| 04/09/2004 | 11 | MINUTE ORDER of 4/9/04 by Hon. James F. Holderman : The clerk shall docket a copy of plaintiff's motion to proceed in forma pauperis in case 04 C 1398 as his in forma pauperis motion in this case. Plaintiff's motion for leave to file in forma pauperis is granted [10-1]. The complaint is dismissed pursuant to 28 U.S.C. 1915(e)(2)(B) for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at the Metropolitan Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. 1915 (g). (See reverse of minute order.) terminating case Mailed notice (las) (Entered: 04/12/2004) |
| 04/09/2004 | 12 | ENTERED JUDGMENT (las) (Entered: 04/12/2004) |
| 04/12/2004 | | MAILED copy of order dated 4/9/04 to the trust fund officer at Metropolitan Correctional Center (las) (Entered: 04/12/2004) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 06/01/2007 13:39:31 | | | |
| PACER Login: | du6017 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:04-cv-00291 |
| Billable Pages: | 2 | Cost: | 0.16 |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**
U.S. Courts Administrative Offices
General Counsel/ Associate Director
One Columbus Circle NE
Washington, D.C. 20544

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**
Anthony Singleton-El
c/o 18901 Loras Lane
Country Club Hills, Illinois
[near] 60478

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH n/a | 5. MARITAL STATUS n/a | 6. DATE AND DAY OF ACCIDENT 02/22/2002 thru present | 7. TIME (A.M. OR P.M.) n/a |
|---|---|---|---|---|

**8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)** Claimant, Anthony Singleton-El, demands payment for damages caused by agents, officers, and employees of the UNITED STATES, specifically court administrator David H. Coar, dba, U.S. District Court Judge, acting recklessly and intentionally in excess of statutory authority and violating regulatory provisions of Title 18 USC, 28 USC, and 26 USC, depriving Claimant of Due Process of Law, while condoning and ratifying wanton acts of Trespass, Robbery, Theft, Extortion, Child Abduction, Fraud, Kidnap, and Unlawful Conversion of private property, and executing fraudulent securities absent legitimate claim of duty, obligation, or right owed by Claimant to the UNITED STATES, resulting in False Imprisonment under knowingly fraudulent pretext Claimant relinquished natural rights to become surety for debtor.

**9.** **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) Unauthorized Trespass to registered property [U.S. District Court Cause# 1:03 CR-00175 NDIL] GSA SF 273, SF 274, SF 275, "Miller Act Bonds" issued by U..S. District Court Northern District of Illinois, 219 S. Dearborn Street. Chgo. IL 60604

**10.** **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. Loss of Liberty, Property, and Rights to Property, as well as deprivation of inalienable constitutionally secured rights for the united States of America, causing physical and mental pain and suffering to Claimant and Claimant's family, resulting in irreparable injury under an fraudulently assumed official right.

**11.** **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Ann Milton, (NOTARY PUBLIC) [See attached Notarial Certificate of Dishonor/Certificate of Protest] | 7325 So. East End Ave. Chicago, Illinois 60649 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $17,642,000.00 USD | $109,584,000.00 USD | n/a | $127,226,000.00 USD |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* UCC-1-207 | n/a | 11/01/2006 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Exhibit F



JAMES C. DUFF
Director

JILL C. SAYENGA
Deputy Director

# ADMINISTRATIVE OFFICE OF THE
# UNITED STATES COURTS

WASHINGTON, D.C. 20544

WILLIAM R. BURCHILL, JR.
Associate Director
and General Counsel

ROBERT K. LOESCHE
Deputy General Counsel

**May 9, 2007**

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>
Mr. Anthony Singleton-El
Register # 94408-024
FCI Ashland
P.O. Box 6001
Ashland, KY 41105-6001

Dear Mr. Singleton-El:

This will serve as formal notification that the Administrative Office of the United States Courts has denied in full your tort claim for $127,226,000.00 arising from your federal trial and conviction in the United States District Court for the Northern District of Illinois.

It is this agency's conclusion that, because your claims are premised on the performance of judicial duties, the United States may assert absolute judicial immunity from liability. 28 U.S.C. § 2674. To the extent you allege violations of your constitutional rights, your claims are excluded from the coverage of the Federal Tort Claims Act. 28 U.S.C. § 2679(b)(2). You have also failed to prove any negligent or wrongful action that could give rise to federal tort liability under state law. 28 U.S.C.§ 2672.

I am required by regulations of the Department of Justice to advise you that, if you are dissatisfied with this agency's disposition of your claims, you have the right to file suit in an appropriate United States district court within six months of the date of mailing of this notification.

Sincerely,

John L. Chastain
Assistant General Counsel

Exhibit G

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Anthony Singleton El*

Street, Apt. No.; or PO Box No. *FCI Ashland Po 6001*

City, State, ZIP+4 *Ashland KY 4105-6001*

7005 2570 0001 8111 4043

JLChastain/TLewis
OGC Reading
Daybook - JLC, MCW
File:   Torts - **SINGLETON-EL, Anthony**

Loesche

Chastain

<u>Distribution</u>:

1. Send Original Certified Mail to:       Mr. Anthony Singleton-El
                                          Register # 94408-024
                                          FCI Ashland
                                          P.O. Box 6001
                                          Ashland, KY 41105-6001

JLChastain/TLewis
OGC Reading
Daybook - JLC, MCW
File:   Torts - **SINGLETON-EL, Anthony**

Loesche

Chastain

Distribution:

1. Send Original Certified Mail to:     Mr. Anthony Singleton-El
                                         Register # 94408-024
                                         FCI Ashland
                                         P.O. Box 6001
                                         Ashland, KY 41105-6001

# United States Court of Appeals F I L E D

### For the Seventh Circuit
Chicago, Illinois 60604



JAN 1 1 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Submitted November 3, 2004
Decided November 19, 2004

*Before*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

```
ANTHONY SINGLETON-EL,         ] Appeal from the United
        Petitioner-Appellant, ] States District Court for
                              ] the Northern District of
No. 04-3222          v.       ] Illinois, Eastern Division.
                              ]
DAVID H. COAR, Judge, RICK D. YOUNG ] No. 04 C 5114
and J. F. GRABER,             ]
        Respondents-Appellees.] Charles R. Norgle, Sr.,
                              ]       Judge.
```

The following is before the court: MOTION FOR ENLARGEMENT OF TIME, filed on September 10, 2004, by the pro se appellant.

This court has carefully reviewed the final order of the district court, the short record on appeal, and appellant's motions. Based on this review, the court has determined that any issues which could be raised are insubstantial and that further briefing would not be helpful to the court's consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (per curiam) (court can decide case on motions papers and record where briefing would be a waste of time and no member of the panel desires briefing or argument).

Accordingly, IT IS ORDERED that the motion for enlargement of time is DENIED, and the final order of the district court is summarily AFFIRMED.

Exhibit H

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5114 | **DATE** | 9/7/2004 |
| **CASE TITLE** | | Singleton-El vs. Coar | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Certificate of Appealability

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse of this order, the court finds that a Certificate of Appealability should not issue.

*Charles Norgle*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |

courtroom deputy's initials

Date/time received in central Clerk's Office

Before the court is a letter from the Seventh Circuit Court of Appeals concerning whether a Certificate of Appealability should issue on behalf of Anthony Singleton-El. For the following reasons, the court finds that a Certificate of Appealability should not issue.

Anthony Singleton-El is a federal pretrial detainee confined at the Metropolitan Correctional Center, awaiting a criminal trial before the Honorable David H. Coar, United States District Court Judge for the Northern District of Illinois, Eastern Division. See United States v. Singleton, 03 CR 175 (N. D. Ill.).

During the course of the criminal proceedings before Judge Coar, Singleton-El filed the instant Petition for a Writ of Habeas Corpus, which was assigned to this court. The court construed the petition as having been brought pursuant to 28 U.S.C. § 2241, and summarily dismissed the petition. See Minute Order of August 9, 2004 [5-1]. The court indicated that Singleton-El's petition was an inappropriate manner to raise issues concerning his ongoing criminal proceeding before Judge Coar. See id.

On August 25, 2004, Singleton-El filed a notice of appeal to the Seventh Circuit Court of Appeals. See Notice of Appeal [7-1]. Singleton-El did not seek a certificate of appealability from this court; rather, the Seventh Circuit instructed the court to issue a certificate of appealability or state the reasons why it should not issue. See Letter from Seventh Circuit dated August 27, 2004.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The certificate must identify at least one substantial constitutional question." Buie v. McAdory, 322 F.3d 980, 981 (7th Cir. 2003). When a habeas application has been denied on its merits, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas application has been denied on procedural grounds, the applicant must "show, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

For the reasons stated in the court's opinion denying Singleton-El's § 2241 petition, see Minute Order of August 9, 2004 [5-1], he has not made a substantial showing of the denial of a constitutional right. As the court stated in the Minute Order denying the petition:

> "Habeas is inappropriate as a defense to an ongoing criminal prosecution. It is not proper for this judge to entertain a habeas petition that essentially constitutes an end run around the pending criminal prosecution before another judge. If the petitioner wishes to challenge the legality of his arrest, detention and / or prosecution, he should file - through counsel - an appropriate motion in his criminal case."

Id. Singleton-El has previously been advised that one district judge does not sit in review of another district judge's rulings. See Singleton-El v. Coar, No. 04 C 1548 (N.D. Ill.), Minute Order of March 22, 2004 (Hibbler, J.) (refusing to overrule Judge Coar's decision to order a psychiatric evaluation).

Therefore, the court finds that a Certificate of Appealability should not issue. It is so ordered.

LEVIN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:04-cv-05114

Singleton-El v. Coar, et al
Assigned to: Hon. Charles R. Norgle, Sr
Demand: $0
Case in other court: 04-03222
Cause: 28:2241 Petition for Writ of Habeas Corpus

Date Filed: 08/03/2004
Date Terminated: 08/09/2004
Jury Demand: None
Nature of Suit: 530 Prisoner: Habeas Corpus
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Anthony Singleton-El**                    represented by **Anthony Singleton-El**
                                                            PRO SE

                                                            **Notices to Prisoner Correspondence**
                                                            .
                                                            Email:
                                                            Prison1_ILND@ilnd.uscourts.gov
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Anthony Singleton**
                                                            Metropolitan - MCC
                                                            Metropolitan Correctional Center
                                                            71 West Van Buren Street
                                                            Chicago, IL 60605
                                                            *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**David H Coar**                             represented by **AUSA**
*U.S. District Judge*                                       United States Attorney's Office (NDIL)
                                                            219 South Dearborn Street
                                                            Suite 500
                                                            Chicago, IL 60604
                                                            (312) 353-5300
                                                            Email:
                                                            USAILN.ECFAUSA@usdoj.gov
                                                            *ATTORNEY TO BE NOTICED*

**Respondent**

**Rick D Young**                             represented by **AUSA**
*U.S. Attorney*                                             (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Respondent**

**J F Graber**
*Warden MCC-Chicago*

represented by **AUSA**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2004 | 1 | PETITION FOR WRIT OF HABEAS CORPUS by petitioner Anthony Singleton; Civil cover sheet. (Forwarded copy of petition to U.S. Attorney's Office). (Documents 1-1 through 1-2). (rbf) Modified on 08/04/2004 (Entered: 08/04/2004) |
| 08/03/2004 | | RECEIPT regarding payment of filing fee paid; on 8/3/04 in the amount of $5.00, receipt #10324359. (rbf) (Entered: 08/04/2004) |
| 08/03/2004 | 2 | LETTER from petitioner addressed to Clerk of Court dated 07/29/04. (rbf) (Entered: 08/04/2004) |
| 08/03/2004 | 3 | MOTION by petitioner for an instant hearing on his petition for writ of habeas corpus (Attachments). (rbf) (Entered: 08/04/2004) |
| 08/03/2004 | 4 | Writ of Praecipe to the Clerk of Court by petitioner. (rbf) (Entered: 08/04/2004) |
| 08/04/2004 | | FORWARDED complete file to Prisoner Correspondence (rbf) (Entered: 08/04/2004) |
| 08/09/2004 | 5 | MINUTE ORDER of 8/9/04 by Hon. Charles R. Norgle Sr : The petition for a writ of habeas corpus is hereby dismissed on preliminary review. The case is terminated. The petitioner's motion for "an instant hearing" is denied as moot [3-1] terminating case. (See reverse of minute order.) Mailed notice (lc) (Entered: 08/10/2004) |
| 08/09/2004 | 6 | ENTERED JUDGMENT (lc) (Entered: 08/10/2004) |
| 08/25/2004 | 7 | NOTICE OF APPEAL by petitioner Anthony Singleton-El judgment entered [6-1], Scheduling order terminating case [5-1], motion minute order [5-2] ( FEE DUE ) ; Notice (cdh) (Entered: 08/27/2004) |
| 08/25/2004 | 8 | JURISDICTIONAL STATEMENT by petitioner Anthony Singleton-El appeal [7-1] regarding appeal [7-1]. (cdh) (Entered: 08/27/2004) |
| 08/27/2004 | | TRANSMITTED to the 7th Circuit the short record on appeal [7-1]. Mailed notice to all counsel. (cdh) (Entered: 08/27/2004) |
| 08/27/2004 | | FORWARDED COA LETTER to JUDGE NORGLE SR. (cdh) (Entered: 08/27/2004) |
| 09/02/2004 | 9 | ACKNOWLEDGEMENT of receipt of short record on appeal [7-1] USCA 04-3222 (lc) (Entered: 09/02/2004) |
| 09/02/2004 | 10 | CIRCUIT Rule 3(b) Notice (lc) (Entered: 09/02/2004) |

| 09/07/2004 | 11 | MINUTE ORDER of 9/7/04 by Hon. Charles R. Norgle Sr : For the reasons stated on the reverse side of this order, the court finds that a Certificate of Appealability should not issue. Mailed notice (lc) (Entered: 09/14/2004) |
| 09/09/2004 | | RECEIPT #10216360 in the amount of $255.00 for payment of appeal. (mak) (Entered: 09/10/2004) |
| 09/10/2004 | | FORWARDED copy of receipt for payment of appeal to USCA with certified copy of docket entries (mak) (Entered: 09/10/2004) |
| 09/10/2004 | | TRANSMITTED to the 7th Circuit the long record on appeal no. 04-3222 consisting of one volume of pleadings on appeal [7-1] Mailed notice to all counsel. (mak) (Entered: 09/10/2004) |
| 01/11/2005 | 12 | LETTER from the 7th Circuit returning the record on appeal no. 04-3222 consisting of one volume of pleadings. (emd) (Entered: 01/11/2005) |
| 01/11/2005 | 13 | CERTIFIED COPY of order from the 7th Circuit: Affirming the decision of the District Court [7-1] . Accordingly, it is ordered that the motion for enlargement of time is denied, and the final order of the district court is summarily affirmed. (04-3222) (emd) (Entered: 01/11/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/11/2007 14:50:47 | | |
| PACER Login: | du6017 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:04-cv-05114 |
| Billable Pages: | 2 | Cost: | 0.16 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANTHONY SINGLETON-EL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0791 (HHK) |
| | ) | |
| **ADMINISTRATIVE OFFICE OF UNITED STATES COURTS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2007, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed.

_____
UNITED STATES DISTRICT JUDGE

<u>Copies to:</u>

Sherease Louis
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

ANTHONY SINGLETON-EL #94408-024
F.C.I. - Ashland
P.O. Box 6001
Ashland, KY 41105