UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY SINGLETON-EL,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**ADMINISTRATIVE OFFICE OF UNITED STATES** )<br>**COURTS,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-0791 (HHK) |

MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant, the Administrative Office of the United States Courts ("AOUSC"), by its undersigned attorneys, respectfully opposes Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ"), and hereby renews it motion for the Court to dismiss this action, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(3), and (b)(6). Plaintiff's MSJ, filed in admiralty, *see* Complaint caption, defines four issues in this case.[1] First, whether the Administrative Office of the United States Courts ("AOUSC") has willfully and intentionally violated the Privacy Act, 5 U.S.C. 552a,(d)(2)(A) and (B). Plaintiff's MSJ ¶¶ 3, 4. Second, whether Defendant received proper notice and due process with respect to the official administrative determinations, and the just amount of damages to be awarded to Plaintiff.[2] Plaintiff's MSJ ¶ 6. Third, whether Plaintiff is entitled to have the record of accounts amended in 99 CR 0679 (N.D. Ill.) and 03 CR 0175 (N.D. Ill.) to reflect full settlement, closure and discharge of all debts. Finally, whether Plaintiff is entitled to an award of actual damages in excess of four million dollars. Plaintiff's MSJ, at 4.

---

[1]    Plaintiff has failed to file a Statement of Material Facts As to Which There is No Genuine Issue, as required by LCvR7.

[2]    It is unclear to the undersigned what Plaintiff means by this statement of the issue.

Additionally, Plaintiff's MSJ accuses Defendant of committing fraud upon the Court in characterizing Plaintiff's Complaint as arising under the Federal Tort Claims Act, and seeks denial and dismissal of Defendant's defenses, and civil and criminal sanctions upon the undersigned, "for practicing fraud in attempt to obtain judgment and impair justice."  Plaintiff's MSJ ¶ 5.  Concurrent with Plaintiff's MSJ, Plaintiff has also filed three pleadings, entitled: Actual and Constructive Notice of Capacity Pursuant to FRCP 9(a); Actual and Constructive Notice of Fraud  Pursuant to FRCP 9(b); and Mandatory and Judicial Notice of Adjudicated Facts Pursuant to Federal Rules of Evidence Rule 201(d).  Lastly, Plaintiff has filed 14 exhibits, labeled (k)-(x).

Defendant, the AOUSC, hereby incorporates each argument raised in its Motion to Dismiss, and further moves the Court to deny Plaintiff's MSJ for the reasons addressed below, and dismiss this case with prejudice.  Alternatively, Defendant asks the Court for an order transferring this case to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1404 and 1406.

## BACKGROUND

Plaintiff, a *pro se* federal prisoner housed in Ashland, Kentucky, initiated this Complaint complaining of Defendant's "willful refusal to amend the administrative records"concerning the amounts Defendant owes in restitution in two cases in the United States District Court for the Northern District of Illinois, 99-CR-0679 and 03 CR 0175.  The orders of restitution are for $12,994.69 and $168,044.11 and arise, respectively, from two federal criminal convictions in the Northern District of Illinois.  On December 7, 2006, Plaintiff filed a tort claim in the amount of $127,226,000.00, with the AOUSC.  *See* Def. Exh. F.  In a letter dated May 9, 2007, the AOUSC denied Plaintiff's tort claim and informed Plaintiff of his right to seek judicial review.

*See* Def. Exh. G. On April 30, 2007, Plaintiff filed the Complaint in this case, seeking $4,000,000, in damages and injunctive relief. Plaintiff has offered no credible support for his claims that "the debts have been canceled" and no credible support for his allegations that he is entitled to have his criminal records amended or that Defendant is the agency responsible for amending Plaintiff's criminal records. As the party filing suit, the burden is on Plaintiff to provide credible support for his allegations. Because Plaintiff has failed to carry his burden, Defendant opposes Plaintiff's MSJ, opposes Plaintiff's request for relief in this action, and renews its motion to dismiss the Complaint.

## ARGUMENT

**I.     Plaintiff's Arguments Are Nonsensical and Lack Merit.**

    **A.     There is No Jurisdictional Basis in Admiralty for Plaintiff's Cause of Action.**

Plaintiff's MSJ is filed in admiralty, *see* Complaint caption, yet he cites to no basis in admiralty for any issue he raises in his Complaint or Plaintiff's MSJ. Therefore, this jurisdictional basis appears to be frivolous and without merit.

    **B.     Defendant Has Not Violated the Privacy Act.**

Plaintiff's MSJ argues that Defendant has willfully and intentionally violated the Privacy Act, 5 U.S.C. § 552a(d)((2)(A) and (B). Plaintiff's MSJ ¶¶ 3, 4. The Privacy Act provisions cited to by the Plaintiff provide that an individual is entitled to access records or information pertaining to the individual and maintained by an agency. 5 U.S.C. § 552a(d). The provisions further provide that an agency is required to

> (2) permit the individual to request amendment of a record pertaining to him and--
>
> > (A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

> ((B) promptly, either--
>
> (i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or
>
> (ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

5 U.S.C. 552a(d)(2)(A) and (B). Plaintiff fails to state a claim under the Privacy Act against the Defendant for several reasons. First, Plaintiff has failed to demonstrate that he has even submitted a request to the Defendant under the Privacy Act. Second, even if Plaintiff had submitted a request, he would not be entitled to relief. Although the Privacy Act generally requires a federal agency to allow an individual access to his record, the Courts of the United States and their administrative arms, including the Administrative Office of the United States Courts, are not "agencies" subject to the Freedom of Information Act or the Privacy Act. *See* 5 U.S.C. § 551. Specifically, section 551 provides

> § 551. Definitions
> For the purpose of this subchapter—
> (1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—
> (A) the Congress;
> (B) the courts of the United States;

5 U.S.C. § 551(1)(A), (B). *See Schwartz v. United States Dep't of Justice*, 101 F.3d 686, *1, 1996 WL 335757, at *1 (2d Cir. June 6, 1996)(Probation Office is an arm of the court and is therefore not covered by Privacy Act), *aff'g* No. 94 CIV. 7476, 1995 WL 675462, at *7 (S.D.N.Y. Nov. 14, 1995); *Callwood v. Department of Probation of the V.I.*, 982 F. Supp. 341, 343 (D.V.I. 1997); *see also In Gaydos v. Mansmann*, 1998 WL 389104 (D.C. Cir 1998)(*per*

4

*curiam*); *In re Fidelity Mortgage Investors,* 16 B.R. 477 (S.D.N.Y. 1981), *aff'd* 690 F.2d 35 (2nd Cir. 1982), *cert. den. Lifetime Communities, Inc. v. Administrative Office of the United States Courts,* 462 U.S. 1106 (1983); *Warth v. Department of Justice,* 595 F. 2d 521, 523 (9th Cir. 1979).

  **C.** **Plaintiff Has Failed to Demonstrate That He Is Entitled to Have the Record of Accounts Amended in 99 CR 0679 (N.D. Ill.) and 03 CR 0175 (N.D. Ill.) to Reflect Full Settlement, Closure and Discharge of All Debts.**

As stated in Defendant's Motion to Dismiss, Plaintiff has failed to provide credible support to substantiate his claims that "the debts have been canceled" in his criminal proceedings, as he alleges in his Complaint; that he is now entitled to have his criminal records amended; or that the Defendant is the agency responsible for amending Plaintiff's criminal records. As the party filing suit, the burden is on Plaintiff to provide credible support for his allegations.

  **D.** **There Appears to Be No Credible Basis for Plaintiff's Allegation That The Defendant Has Committed Fraud upon the Court in Characterizing Plaintiff's Complaint as Arising under the Federal Tort Claims Act**.

On December 7, 2006, Plaintiff filed an administrative tort claim, dated November 1, 2006, against the Defendant in the amount of $127,226,000. *See* Def. Exh. F. The exhibits to the tort claim contained the same "bizarre" exhibits and allegations as Plaintiff alleges in his Complaint. In a letter dated May 9, 2007, the AOUSC denied Plaintiff's tort claim and informed Plaintiff of his right to seek judicial review. *See* Def. Exh. G. Plaintiff filed this Complaint on April 30, 2007. Thus, there appears to be no credible basis for Plaintiff's allegation that Defendant has committed fraud upon the Court in characterizing Plaintiff's Complaint as arising under the Federal Tort Claims Act.

Further, Plaintiff has failed to put forth any legally justifiable basis for Plaintiff to seek denial and dismissal of Defendant's defenses, and civil and criminal sanctions upon the undersigned, "for practicing fraud in attempt to obtain judgment and impair justice." Plaintiff's MSJ ¶ 5. His additional pleadings, entitled: Actual and Constructive Notice of Capacity Pursuant to FRCP 9(a); Actual and Constructive Notice of Fraud Pursuant to FRCP 9(b); and Mandatory and Judicial Notice of Adjudicated Facts Pursuant to Federal Rules of Evidence Rule 201(d), are also nonsensical and provide no credible support for his allegations. Nor do his 14 exhibits, labeled (k)-(x).

### E. Plaintiff Is Not Entitled to An Award of Damages in Excess of Four Million Dollars.

As stated in Defendants' Motion to Dismiss, Plaintiff has set forth no credible or legally justifiable basis for the relief he seeks.

### II. Plaintiff's MSJ Should Be Denied and His Complaint Should Be Dismissed.

Because Plaintiff has offered no credible support for his allegations, the Complaint should be dismissed for failure to provide a cognizable legal claim. *Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998). Though *pro se* complaints are held to a less exacting scrutiny than pleadings drafted by attorneys, *pro se* plaintiffs nevertheless, like any other, must present a claim upon which relief can be granted by the court. *Id.* Indeed, when the district court views a plaintiff's complaint as legally frivolous, the proper course is to grant defendant's Rule 12(b)(6) motion, or indeed, to dismiss the complaint *sua sponte*. *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).

While Plaintiff initiated this Complaint complaining of Defendant's "willful refusal to amend the administrative records" under the Privacy Act, concerning the amounts Defendant

6

owes in restitution in two criminal cases, Plaintiff has failed to demonstrate that he ever even filed a request under the Privacy Act. Further, Plaintiff's rhetorical recantations of security interests and liens, and his caption setting forth admiralty as a jurisdictional basis, provide absolutely no legally credible jurisdictional or factual basis to support a claim for the relief he has requested. Plaintiff's cause of action must fail because he has failed to present any legally cognizable basis for granting relief. Accordingly, dismissal of this matter is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant opposes Plaintiff's Motion for Summary Judgment, and respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment and dismiss Plaintiff's action. Alternatively, as set forth in Defendant's Motion to Dismiss, the proper venue for determining the amounts Plaintiff owes in restitution in his two criminal cases is the Northern District of Illinois, the jurisdiction where the criminal restitution orders were entered.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY SINGLETON-EL,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**ADMINISTRATIVE OFFICE OF UNITED STATES COURTS,** )<br>)<br>)<br>Defendant. )<br>) | Civil Action No. 07-0791 (HHK) |

### CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Opposition to Plaintiff's Motion for Summary Judgment to be served upon *pro se* Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

ANTHONY SINGLETON-EL
#94408-024
F.C.I. - Ashland
P.O.Box 6001
Ashland, KY 41105
*pro se*

on this 18th day of July, 2007.

        /s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530