UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY SINGLETON-EL, )<br>)<br>         Plaintiff, )<br>)<br>   v. )<br>)<br>ADMINISTRATIVE OFFICE OF UNITED STATES )<br>COURTS, )<br>)<br>         Defendant. )<br>_____) | Civil Action No. 07-0791 (HHK) |

**NOTICE OF ERRATA**

Defendant, the Administrative Office of the United States Courts ("AOUSC"), respectfully files this Notice of Errata to correct two typographical errors in Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opposition"), Docket Entry No. 11. On page 2 of Defendant's Opposition, the third line of the Background section should read: "concerning the amounts Plaintiff owes in restitution . . . ." Similarly, on page 6, the last line on the page should read "concerning the amounts Plaintiff " A corrected page 2 and page 6 are attached for the Court's convenience.

Dated: July 19, 2007

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANTHONY SINGLETON-EL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 07-0791 (HHK) |
| | ) |
| **ADMINISTRATIVE OFFICE OF UNITED STATES COURTS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Notice of Errata to be served upon *pro se* Plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

ANTHONY SINGLETON-EL
#94408-024
F.C.I. - Ashland
P.O.Box 6001
Ashland, KY 41105
*pro se*

on this 19th day of July, 2007.

                                                                                 /s Sherease Louis
                                                       SHEREASE LOUIS
                                                       Special Assistant United States Attorney
                                                       United States Attorney's Office
                                                       Civil Division
                                                       555 4th Street, N.W.,
                                                       Washington, D.C. 20530

Additionally, Plaintiff's MSJ accuses Defendant of committing fraud upon the Court in characterizing Plaintiff's Complaint as arising under the Federal Tort Claims Act, and seeks denial and dismissal of Defendant's defenses, and civil and criminal sanctions upon the undersigned, "for practicing fraud in attempt to obtain judgment and impair justice." Plaintiff's MSJ ¶ 5. Concurrent with Plaintiff's MSJ, Plaintiff has also filed three pleadings, entitled: Actual and Constructive Notice of Capacity Pursuant to FRCP 9(a); Actual and Constructive Notice of Fraud Pursuant to FRCP 9(b); and Mandatory and Judicial Notice of Adjudicated Facts Pursuant to Federal Rules of Evidence Rule 201(d). Lastly, Plaintiff has filed 14 exhibits, labeled (k)-(x).

Defendant, the AOUSC, hereby incorporates each argument raised in its Motion to Dismiss, and further moves the Court to deny Plaintiff's MSJ for the reasons addressed below, and dismiss this case with prejudice. Alternatively, Defendant asks the Court for an order transferring this case to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1404 and 1406.

### BACKGROUND

Plaintiff, a *pro se* federal prisoner housed in Ashland, Kentucky, initiated this Complaint complaining of Defendant's "willful refusal to amend the administrative records" concerning the amounts Plaintiff owes in restitution in two cases in the United States District Court for the Northern District of Illinois, 99-CR-0679 and 03 CR 0175. The orders of restitution are for $12,994.69 and $168,044.11 and arise, respectively, from two federal criminal convictions in the Northern District of Illinois. On December 7, 2006, Plaintiff filed a tort claim in the amount of $127,226,000.00, with the AOUSC. *See* Def. Exh. F. In a letter dated May 9, 2007, the

Further, Plaintiff has failed to put forth any legally justifiable basis for Plaintiff to seek denial and dismissal of Defendant's defenses, and civil and criminal sanctions upon the undersigned, "for practicing fraud in attempt to obtain judgment and impair justice."  Plaintiff's MSJ ¶ 5.  His additional pleadings, entitled: Actual and Constructive Notice of Capacity Pursuant to FRCP 9(a); Actual and Constructive Notice of Fraud Pursuant to FRCP 9(b); and Mandatory and Judicial Notice of Adjudicated Facts Pursuant to Federal Rules of Evidence Rule 201(d), are also nonsensical and provide no credible support for his allegations.  Nor do his 14 exhibits, labeled (k)-(x).

      E.      **Plaintiff Is Not Entitled to An Award of Damages in Excess of Four Million Dollars.**

As stated in Defendants' Motion to Dismiss, Plaintiff has set forth no credible or legally justifiable basis for the relief he seeks.

**II.      Plaintiff's MSJ Should Be Denied and His Complaint Should Be Dismissed.**

Because Plaintiff has offered no credible support for his allegations, the Complaint should be dismissed for failure to provide a cognizable legal claim. *Slaby v. Fairbridge*, 3 F.Supp.2d 22, 27 (D.D.C. 1998).  Though *pro se* complaints are held to a less exacting scrutiny than pleadings drafted by attorneys, *pro se* plaintiffs nevertheless, like any other, must present a claim upon which relief can be granted by the court. *Id.*   Indeed, when the district court views a plaintiff's complaint as legally frivolous, the proper course is to grant defendant's Rule 12(b)(6) motion, or indeed, to dismiss the complaint *sua sponte*. *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994).

While Plaintiff initiated this Complaint complaining of Defendant's "willful refusal to amend the administrative records" under the Privacy Act, concerning the amounts Plaintiff

6